Wright, J\,
delivered the opinion of the court:
Four questions are raised by counsel for our decision in this case-
1. Whether the action of assumjisit was limited at all by the act of 1810, which was in force when these payments were made.
2. *Whether this class'of cases does not so far relate to the execution of a trust as to be without the statute of limitations.
3. From what time the statute begins to run; whether from each payment of a part; from the payment of the entire sum only, or from the period when the original obligation would be barred.
4. Whether the action accrues to one paying money without coercion for a co-obligation, until notice be given, or demand is made.
1. The act for the limitation of actions of -1810, 8 Ohio L. 352,, limits “all actions upon the case” to six years. Although the act does not limit the action of assumpsit by name, yet it has been uniformly held that action was embraced in the general terms “actions-upon the case.” This construction has obtained in our courts of justice, and is not now to bo disturbed.
2. Trusts are sometimes excepted from statutes of limitations by express provision of law, but more frequently by judicial construction. It is well known that courts have formerly made great progress by multiplying exceptions from the enactments, toward a total repeal of statutes of limitation ; but latterly the course of decisions are more in conformity with the obvious meaning of such-laws. We think such statutes should be enforced, like every other-legislative act, according to the intention of the law-maker as expressed in the act itself. But inquiry upon that point is unnecessary, in this case, as we are of opinion the agreed facts do not establish a trust within any known exception to statutes of limitation.
3. Where one under legal obligation for another pays money for him, the law supplies the request, and because it is the duty of the person thus benefited to refund, implies a promise to do it, and this implied promise is enforced by the action of assumpsit. It is-not necessary that he who is thus bound for another shall wait until he is sued and coerced to pay by judgment and execution. If the money for which he is hound is due, he may pay without suit and have his action. In Cole v. Saxby, 3 Esp. 160, Lord Kenyon is reported to have said “ there had been a case in which a very con *407 siderable *law authority had been of opinion thatsueh a debt was entitled to the same limitation as the deed itself,” the original obligation. We have not been able to find the “ law authority’’' referred to in that report, but the question and this doctrine of Lord Kenyon have been fully considered by the Supreme Court of Massachusetts, in the case of Penniman v. Vinton et al., 4 Mass. 276, and the position held not to be well founded. Chief Justice-Parsons, in giving the opinion of the court, says : “ The action is-not founded on a bond, but on the promise or simple contract (although the execution of the bond, as to a surety, is the consideration of the promise), and the breach of the promise is the not indemnifying against the payment of the bond, and is not the nonperformance of any contract to which the principal was forced by deed to the surety.” The case in Massachusetts differs from the one at bar, in this, the payment here was by a co-obligor, in that it was by a surety for his principal. In principle, so far as-regards the question before the court, no material difference is perceived between the cases. The authority is conclusive against, the assumption that in cases where one pays money for another on a bond, the action for the money so paid is limited only by the time-the right of action on the bond would be limited. The statute in all such cases begins to run from the time the cause of action accrued, without reference to the limitation provided by law on the-original obligation.
4. But we are unwilling to admit the proposition that a co-obligor may pay in small installments, and without demand or notice have a suit for each sum so paid. In this class of cases we hold notice to the person for whom the money is paid, either actual or constructive, essential to perfect a right of action in the party paying, and it follows that until such notice the statute does not begin to-run upon such claims. 20 Johns. 586; 1 Taunt. 572; 2 Taunt. 323. There is not anything in the facts agreed in this case, which shows, that Isaac Williams ever had notice of the first payment by Edward. Nor is there anything from which such notice may be fairly inferred, until the rendition of the judgment-against both for the balance, deducting the sum so paid. *If the statute is held to begin to run at that time, six years had not elapsed when this suit was brought, and upon the agreed case, we hold that the statute then began to run. As to the other payments, there is no pretense of their being barred.
*408 Upon the agreed case, therefore, the plaintiff is entitled to judgment for the one thousand six hundred and seventy-three dollars and eighty-seven cents and costs. But inasmuch as the cause of action for the first payment was not complete until notice, no interest should have been computed beyond that time. The plaintiff deducted the interest, and judgment was rendered for the balance.