By the Court,
Lane, 0. J.
The first question in this caséis, whether a surety, who has received securities from his principal, and who in good faith has exchanged them for others, without the consent of his co-surety, thereby discharges him from contribution ? A surety is not bound by law to seek indemnity; yet if the means of indemnity are placed-in his hands, and he undertakes to. retain them, he becomes a trustee for his co-sureties, because they enure to their common benefit, ■and he is bound by the obligations which attach to a trustee to use honesty, good faith, and due discretion, in their management. He may not abandon them without cause, nor negligently omit the steps necessary to render them available. But if they require the exercise of judgment in their management, he is to be protected like .a trustee, ■who acts with integrity and ordinary prudence.
* Kelly, in the present case, is represented as taking notes, which upon enquiry he was led to believe would be ultimately, but not punctually paid. The manner of collecting debts, under such circum-stances, must be a subject of discretionary power, and involve expenses and risks which he might not willingly undertake. If under these circumstances, he chose to restore them to the principal, on receiving other security which was satisfactory to him, and which no evidence •showed was inferior to the indemnity released, this exchange ought not to preclude him from his remedy. It would have been prudent in -him to have obtained the assent of his co-surety, but he was not bound to seek him, and his acting without it is no release of his co-surety, unless shown to have been to his prejudice.
*106 There is nothing in the charge of the court, not in accordance with these principles. The defendant below assumed to make a defence; he undertook to show, either that Kelly had directly or indirectly discharged him, or that he had negligently or improvidently mismanaged 'the trust. These points are properly placed before the jury in the charge.
The bill of exceptions shows that the court also instructed the jury, that no demand was necessary to give the right of action. I suppose by this it was intended to say, that no notice was necessary. We think, in this, the court committed an error. Carpenter was not originally, and by his own act, a debtor of Kelly, but became so by Kelly’s payment of the debt. No liability so constituted arises, until notice of this payment. It is therefore a material fact to establish a right of action. This point was adjudged in Williams v. Williams, 5 Ohio, 446.
Judgment reversed.