## WOOD v. PERRY.

1. CO-SURETY: CONTRIBUTION. When one of two sureties pays money for their principal, a right of action accrues to him against his co-surety, for his proportion of the money so paid, from the time of payment, without demand or notice.

*Appeal from Allamakee District Court.*

SATURDAY, OCTOBER 29.

*Odell*, and *Noble & Drummond*, for the appellant, cited 5 Ohio 444; 9 Ib. 106, and the cases there cited.

*E. E. Cooley*, for the appellee, relied upon 2 Greenl. Ev. sections 113 and 114; Stephens N. P. 224–326; 1 Smith's Lead. C. 70 (marginal) and note; *Touissant* v. *Martinet*, 2 T. R. 100; *Fisher* v. *Fellows*, 5 Esp. 171; *Cowell* v. *Edwards*, 2 B. & B. 268; *Turner* v. *Davis*, 2 Esp. 478; *Brown* v. *See*, 6 B. & C. 697; Chit. Cont. 597; *Johnson* v. *Johnson*, 11 Mass. 356; *Batchelder* v. *Fisk*, 17 Mass. 474, 6 J. J. Marsh 62; *Norton* v. *Coons*, 2 Seld. 33–40.

WOODWARD, J.—Sheldon, Vanliew and Perry gave their promissory note, payable to one Smead, or bearer. Vanliew paid the note when past due. The plaintiff alleges that Smead then assigned the note to Vanliew, and the latter to him, (the plaintiff,) and he bases his claim upon the right of Vanliew to contribution, averring that Perry and Vanliew were sureties for Sheldon. On the trial, Perry moved for a judgment of nonsuit against the plaintiff, which was overruled, and judgment was rendered for the plaintiff.

The only point urged by the appellant in his argument, although other errors are assigned, is the refusal of the court to give certain instructions. He requested the court to instruct that no right of action accrued to one surety who has paid money for their principal, against the other surety, until notice is given of such payment; and second, that such plaintiff must allege and prove a demand of the defendant

for his proportion of the money paid. This doctrine is held in *Carpenter* v. *Kelly*, 9 Ohio 106, and to sustain, it cites *Williams* v. *Williams*, 5 Ohio 444. But this case goes no farther than to say, than when a co-surety pays the debt, piece-meal, he cannot sustain an action for each payment without notice or demand. And the reporter so understood the case that, in his abstract, he says that when the surety pays the whole debt voluntarily, an action accrues to him from the time of payment, without notice or demand.

We have never understood the law to be as expressed by the defendant. When one pays money for another, at his express or implied request, there is a promise to pay, implied from the time of the payment, and the above case holds that the statute of limitations runs from that time, which implies that notice or demand is not requisite.

The judgment of the District Court is affirmed.