69 585
57 LRA 759

MASON, Administrator, etc., and another, Respondents, vs. PIERRON, imp., Appellant.

*October 14 — November 1, 1887.*

*Contribution: Evidence of insolvency: Fraudulent conveyance: Lien: Principal and surety: Subrogation: Trial by jury.*

1. A surety on an official bond may pay a judgment thereon without compulsion, and sue his co-surety for contribution immediately, without demand or notice.

2. If part of the sureties on an official bond pay the judgment thereon, and in due time file the affidavits required by sec. 3024, R. S., to preserve their right of subrogation to the lien of the plaintiff upon real estate, their affidavits inure to the benefit of another surety who afterwards pays them his share of such judgment, and it is unnecessary for him also to file such an affidavit.

3. In order to enable sureties on an official bond, who have paid a judgment against all the sureties thereon, to maintain an action to set aside as fraudulent a conveyance of lands by a co-surety from whom they seek contribution, it is necessary to prove that he is insolvent; but evidence that his liabilities, including that for contribution, exceed his assets, or even that they amount to within $200 of such assets, and that he has confessed his inability to pay more than one-third the amount which he should contribute, and has removed some of his property from the state, is sufficient for that purpose.

4. Where the principal in an official bond, just before commencing proceedings for a discharge in insolvency, conveyed land to one of his sureties, who had married his adopted daughter, and between the time when a judgment was rendered against the sureties on such bond and its being docketed in the county where the land was situated his grantee reconveyed to him, *held*, that these facts warranted a finding that the conveyances were fraudulent as to the sureties who have paid the judgment and are suing for contribution.

5. A fraudulent grantee of property holds the same in trust for the creditors of his grantor, and like any other trustee must hold it intact for their benefit. If he lessens its value by mortgaging it to a *bona fide* mortgagee, he is liable to such creditors in damages to the amount of such incumbrance.

6. His liability to that extent is not affected by the fact that such mortgage also covers his homestead; and it is immaterial what he did

with the money, if it did not go to the creditors entitled to a lien thereon.

7. In an equitable action, the court may, in its discretion, award a jury trial of any or all of the issues, but is not bound to do so.

APPEAL from the Circuit Court for *Fond du Lac* County.

In 1880–81 the defendant *Pierron* was treasurer of the city of Fond du Lac; and the plaintiff's intestate, Thomas Mason, James Gaynor, Charles B. Bartlett, *M. D. Moore*, Leon Lallier (the defendant), John Hughes, and Robert A. Baker were his sureties in his official bond as such treasurer. By the failure of a bank in which *Pierron* had deposited the city funds, he became largely in default to the city, and suit was brought by the city on such bond, against him and his sureties.    Judgment in said action went against all the sureties, except the plaintiff's intestate (who died before judgment), for nearly $40,000.    *Pierron* successfully pleaded a discharge from his debts obtained by him, pending the action, in insolvency proceedings, and judgment did not go against him.    On appeal to this court, the defendant Hughes was held not liable upon the bond, and the judgment was affirmed as to all the other sureties except Thomas Mason, who had theretofore deceased as aforesaid.    *Fond du Lac v. Moore*, 58 Wis. 170.

Such judgment was obtained May 24, 1882, in the circuit court of Rock county (to which court the cause had been removed), and the judgment was duly docketed in Fond du Lac county, July 13, 1882.    An execution was issued on such judgment, September 13, 1883.    Two days later, the sureties Gaynor, *Moore*, and Bartlett paid the whole judgment, and Gaynor and Bartlett thereafter assigned to *Moore* their interest in such judgment, and all their rights, claims, and demands for contribution against the other sureties by reason of such payment.    April 22, 1884, the plaintiff, as administrator of the estate of Thomas Mason, paid to *Moore*, Gaynor, and Bartlett, by way of contribution, one-

fourth of the amount paid by them on account of such judgment, which amount had been theretofore duly allowed as a claim against the estate of Thomas Mason. In order to preserve the lien of the original judgment, and the right to contribution by the other sureties, *Moore*, Gaynor, and Bartlett each duly filed his affidavit in accordance with section 3024, R. S., within the time therein specified.

This action was brought by the administrator of Thomas Mason, and by *Moore*, who owns the interests of Bartlett and Gaynor, against Lallier, their co-surety, and *Pierron*, to enforce contribution by Lallier of the amount which he ought, in justice and equity, to pay on account of such judgment, and to avoid certain conveyances of land in Fond du Lac county executed by Lallier to *Pierron* after the judgment was recovered in the Rock county circuit court, and before it was docketed in Fond du Lac county, and to subject such lands to the lien of said judgment.

The complaint states the foregoing facts, and alleges, also, that the lands thus conveyed by Lallier to *Pierron* were in 1881 conveyed by *Pierron* to Lallier, and were not turned over to the assignee in the insolvency proceedings, for the benefit of *Pierron's* creditors, and that his sureties in his official bond were his only creditors. A full statement of the original complaint herein will be found in 63 Wis. 239. The case came here on an appeal from an order sustaining a demurrer to the complaint. The order was affirmed on the sole ground that the complaint did not aver the insolvency of Lallier. This defect was afterwards supplied by an amendment. The right of the plaintiffs to be subrogated to the rights of the city of Fond du Lac in the original judgment was fully established on that appeal.

The defendant *Pierron* answered the amended complaint, denying the fraud charged therein, and the insolvency of Lallier, and denying many other allegations in the complaint not necessary to be stated.

The cause was tried, and the circuit judge subsequently filed his findings of fact, in which he found the insolvency of Lallier; the fraud in the conveyances, from *Pierron* to Lallier, and from Lallier to *Pierron*, as charged in the complaint; and substantially, that all the material allegations of the complaint are true. The finding in respect to the conveyance of 1882 is that Lallier executed the same with intent to hinder, delay, and defraud his creditors, particularly the plaintiffs, and that the appellant knew of such intent when he took the conveyance. The court also found that *Pierron* had mortgaged a portion of the lands thus fraudulently conveyed to him by Lallier, to a *bona fide* mortgagee, for $2,500, and that such mortgage remains unsatisfied. The court also ascertained the sum which Lallier justly owed the plaintiffs by way of contribution on account of such judgment.

As conclusions of law from such findings, the court found that the plaintiffs are entitled to be subrogated to the rights and remedies of the city of Fond du Lac in respect to the aforesaid judgment in its favor; that they are entitled to judgment against the defendant Lallier for the sum so ascertained to be due from him by way of contribution; that the conveyance by Lallier to *Pierron* is fraudulent and void as to the plaintiffs; and that the plaintiffs are entitled to judgment setting it aside and annulling it as to them, and subjecting such lands to the lien of the judgment herein; and that they are also entitled to a personal judgment against *Pierron* for the amount of the mortgage so executed by him upon the lands conveyed to him by Lallier, and interest thereon. The court also found that the conveyance executed by *Pierron* to Lallier, in 1881, was fraudulent and void as to the creditors of *Pierron*. Judgment for plaintiffs was entered in accordance with such findings, from which judgment the defendant *Pierron* appeals to this court.

For the appellant there was a brief by *Gerpheide &*

*McKenna*, and oral argument by *Maurice McKenna*. They contended, among other things, that the questions of fraud and insolvency were questions of fact, which should have been tried by jury. *Hyde v. Chapman*, 33 Wis. 392; *Barkow v. Sanger*, 47 id. 500; *Mehlhop v. Pettibone*, 54 id. 652. The payment by plaintiff was voluntary, the execution having been irregular, and never sought to be enforced, and therefore the plaintiff is not entitled to recover. *Harvey v. Olney*, 42 Ill. 336; *Baker v. Cincinnati*, 11 Ohio St. 534; *Garrison v. Tillinghast*, 18 Cal. 408; *Cook v. Boston*, 9 Allen, 393; *Taylor v. Board of Health*, 31 Pa. St. 73; *Town of Ligonier v. Ackerman*, 46 Ind. 552. The judgment in favor of the plaintiff *Mason* was erroneous, he having made no affidavit to preserve the lien of the original judgment. *Lytle v. Pape*, 11 B. Mon. 297; *Bonham v. Galloway*, 13 Ill. 68; *Pander v. Carter*, 12 Ind. 32. A personal judgment against defendant *Pierron* for the full amount of the mortgage given by him upon the property conveyed was unwarranted, even if the conveyance was fraudulent, his homestead being included therein. *Bond v. Seymour*, 2 Pin. 105; *Carhart v. Harshaw*, 45 Wis. 340; *Pike v. Miles*, 23 id. 164; *Hibben v. Soyer*, 33 id. 319; *Hoffman v. Junk*, 51 id. 613. The insolvency of defendant Lallier, relied on as part of the proof of fraud, was not established. Burrill on Assignments, sec. 62. The conveyance from *Pierron* to Lallier was in satisfaction of a *bona fide* debt, and not fraudulent. *Day v. Wetherby*, 29 Wis. 363; *Bartles v. Gibson*, 17 Fed. Rep. 293; *Cerenhoven v. Hart*, 21 Pa. St. 491; *Bentz v. Rockey*, 69 Pa. St. 71; *Gage v. Chesebro*, 49 Wis. 486; *Atwood v. Impson*, 20 N. J. Eq. 150.

For the respondents there was a brief by *Stark & Sutherland*, and oral argument by *G. E. Sutherland*.

LYON, J. The various errors assigned as grounds for the reversal of the judgment herein will be considered in their order.

1. On the trial of the action, the appellant claimed the right to a jury trial of the issues made by the pleadings, but the point was not pressed in the argument of the cause in this court, although it is discussed in the brief of counsel for the appellant. Counsel abandoned this alleged error advisedly, for it was decided upon the former appeal herein that the action is an equitable one. 63 Wis. 239. Hence, although the court might, in its discretion, have awarded a jury trial of any or all the issues, yet its refusal to do so is not error.

2. It is maintained by counsel for the appellant that the payment of the judgment against the sureties of the appellant by the plaintiffs, and those whom they represent, was a voluntary payment, and hence that they are not in a position to enforce contribution against the defendant Lallier, their co-surety. Several adjudications by different courts are cited in support of this proposition. None of these are in point. They are all actions to recover money paid for alleged illegal license fees or taxes, and in which, or at least some 'of them, it was held that if the money sought to be recovered was paid with full knowledge of the facts, but under a mutual mistake of law as to the liability of the payors, the payments were voluntary, and could not be recovered. The cases in this court of *Van Buren v. Downing*, 41 Wis. 122; *Powell v. Sup'rs St. Croix Co.* 46 Wis. 210; and *Kollock v. Parcher*, 52 Wis. 393,— belong to the same class. The rule of law applicable to this case is that a surety may, without compulsion, pay the debt when due, and immediately sue his co-surety for contribution without demand or notice. Brandt on Suretyship, § 257, and cases there cited. Indeed, the rule is elementary.

3. The next error assigned is the failure of the plaintiff *Mason* to file the affidavit specified in R. S. sec. 3024, which is required in order to preserve the lien of the original judgment upon the lands affected by this action. It is true that *Mason* filed no such affidavit; but the sureties Gaynor, Bart-

lett, and *Moore*, who paid the whole judgment in the first instance, each filed his affidavit in strict compliance with the terms of the above section. This is sufficient. These affidavits covered the whole judgment, and inured to the benefit of *Mason*, who made contribution to the above-named sureties, and rendered it unnecessary that any further affidavit should be filed.

4. On the former appeal it was held essential to the validity of the complaint that the insolvency of the defendant Lallier should be averred. Of course, it is equally essential that it should be proved on the trial. There was much testimony given on this subject. The circuit court found that at the date of execution by him of the conveyance to the appellant, Lallier was insolvent; that all his property above exemptions, in whatever form, did not equal his then indebtedness by at least $5,000. It is claimed that this finding is unsupported by the testimony.

The court found that at the time last aforesaid the only property subject to execution which Lallier had was a certificate of deposit in a bank therein named for $1,800; an interest in a grocery store worth, above exemptions, not to exceed $1,500; other personal property worth, above exemptions, about $300; and real estate, liable to execution (excluding certain parcels mortgaged for more than they were worth), of the value of $2,000,— making in all $5,600. The court also correctly found that the share of the original judgment which, in justice and equity, Lallier ought to pay the plaintiffs, amounted to $9,096.28. We think the testimony fully sustains the above findings, and hence that Lallier was badly insolvent, unless, as counsel for the appellant claims, he should be credited with the sum of $4,700, which the appellant testifies he paid him for the lands in controversy. But allowing him this amount would scarcely restore his solvency, for it would only leave the meager sum of about $200 in his favor, excluding interest and costs.

Besides this, Lallier declared to his co-sureties his inability to pay more than $2,500 or $3,000 on such original judgment against them. This statement is probably a truthful one, and is a frank admission of his insolvency.

It is manifest, however, that the learned circuit judge did not believe that the appellant paid him $4,700 for the lands conveyed to him by Lallier in 1882, as the appellant claims to have done. It is worthy of notice, in this connection, that the appellant did not call Lallier as a witness on the trial, or obtain his deposition, as he might have done, to prove the amount so paid, or to prove Lallier's solvency; also, that it does not appear what Lallier did with the money if he received it. He remained at Fond du Lac several months after it is alleged he received the money; yet there is no evidence that he deposited it, or made any use of it, or even had it in his possession. There is also some significance in the fact that whatever property Lallier had, except the real estate valued at $2,000 as aforesaid, he afterwards removed from the state, and thus placed it beyond the reach of an execution.

In view of all the foregoing considerations, we cannot say that the court erred in finding that Lallier was insolvent when he executed the conveyance in question to the appellant in 1882.

5. It is very earnestly argued by the learned counsel for the appellant that the findings that the conveyance of 1881 from the appellant to Lallier, and that of 1882 from the latter to the appellant, are fraudulent and void as against the plaintiffs, are unsupported by the testimony. In considering this proposition, it must be remembered that the parties are intimately connected with each other,— Lallier having married the adopted daughter of the appellant; that the conveyance of 1881 was made after the appellant was in default to the city, and when he was about to proceed under the insolvent laws to obtain a discharge from his in-

debtedness; and that the conveyance of 1882 was made after the city had obtained judgment against the appellant sureties, including Lallier, for nearly $40,000, and before such judgment had become a lien on the real estate of the judgment debtors in Fond du Lac county. Besides, the court found, upon sufficient testimony, the value of the land conveyed by the deed of 1882 to be $9,000, subject to a mortgage of $2,000, while the consideration alleged to have been paid therefor was only $4,700. These facts, and others hereinbefore mentioned bearing upon the question of fraud, undoubtedly had a controlling influence upon the mind of the circuit judge in determining that question. In view of those facts, and after a careful consideration of the whole testimony in the case, we are unable to say that the findings of the circuit court in this behalf are unsupported by the proofs. We have but little doubt that Lallier executed the conveyance of 1882 to the appellant for the purpose of preventing the original judgment from becoming a lien upon the lands conveyed thereby; thus placing those lands beyond the reach of any execution which might thereafter be issued upon such judgment. Under all the circumstances of the case, it seems almost incredible that the appellant, when he accepted the conveyance, was ignorant of such fraudulent intent of Lallier.

6. It has already been stated that, after the conveyance to him of 1882, the appellant mortgaged the premises so conveyed to a *bona fide* mortgagee for the sum of $2,500, and that such mortgage debt remains unsatisfied. The circuit court rendered a personal judgment against the appellant for the amount of such mortgage, principal and interest. It is claimed that the judgment in this respect is erroneous.

The principle upon which this judgment was rendered, received the sanction of this court in *Ferguson v. Hillman*, 55 Wis. 181. In that case a personal judgment was upheld

against a fraudulent grantee, who had sold the property, for the amount received by him on such sale, which had not been applied in the payment of the grantor's debts. The principle upon which that case was decided, and which the circuit court applied to the present action, is eminently equitable and just. The fraudulent grantee holds the property in trust for the creditors of the fraudulent grantor, and, like any other trustee, he must preserve it intact for such creditors. If he place it beyond their reach by a sale to a *bona fide* purchaser, or if he lessens its value by giving a mortgage or other incumbrance upon it to a *bona fide* mortgagee or incumbrancer, he is guilty of a breach of duty for which he must answer to the creditors in damages. The measure of damages in the latter case is necessarily the amount of the incumbrance. It is quite immaterial that the mortgage so given by the appellant upon the property in controversy also covers his homestead; and it is also quite immaterial what use he made of the money raised by the mortgage, so long as it did not go to the creditors entitled to a lien upon the lands so mortgaged.

The plaintiffs are entitled to a judgment lien upon all the interest in the lands in question which Lallier conveyed to the appellant; hence it is the duty of the appellant to remove the incumbrance he has placed upon such lands, and which impairs the security of the plaintiffs to the amount thereof, or to pay that amount to the plaintiffs. We conclude, therefore, that the circuit court did not err in rendering a personal judgment against the appellant for the amount of such mortgage. We are of the opinion, however, that if the appellant removes the mortgage from the premises by procuring a release thereof before the premises are sold upon execution in the original action, it will be proper for the circuit court, upon proof thereof, to direct that a satisfaction and discharge of the personal judgment be entered.

Upon the whole case, we find no sufficient ground for disturbing the judgment of the circuit court.

*By the Court.*— Judgment affirmed.

See note to this case in 34 N. W. Rep. 921.— REP.