Shauck, J.
It is conceded by counsel for the plaintiff in error that if the legal title to the lands, which, according to the allegations of the petition, were the subject of the conveyance, had remained in the fraudulent grantee, the administrator of the grantor might have maintained an action to set aside the conveyance and subject the lands to sale for the payment of the grantor’s debts under the provisions of section 6139 of the Rev. Stats. That section relates to the duties and powers of executors and administrators with respect to the sale of lands of decedents for the payment of their debts, and provides: “The real estate liable to be sold as aforesaid, shall include all that the deceased may have conveyed with intent to defraud his creditors, and all other rights and interests in lands, tenements and hereditaments; provided, that lands so fraudulently conveyed, shall not be taken from anyone who purchased them for a valuable consideration, in good faith, and without knowledge of the fraud; and no claim to lands so fraudulently conveyed shall be made unless within four years next after the decease of the grantor. ”
Nor can it be doubted that the powers of executors and adminstrators are such only as may be conferred upon them by statute. This, however, does not forbid the application to remedial statutes conferring such power of the familiar rule that, to *303 the extent which their language will permit, statutes of that character are to receive such construction as will accomplish the apparent object of the legislature.
The course of decisions in this state shows a rigid adherence to the rule" that a grantor who creates a trust for his own benefit to hinder or delay his creditors cannot maintain any form of action to enforce the trust. The rule results from the turpitude of the transaction. The same rule logically should, and under our authorities does, apply to the administrator of a solvent decedent who, in his lifetime, executed a deed for such fraudulent purpose. The estate being solvent, such suit would, in its substantial aspect, inure to the benefit of the heirs at law of the fraudulent grantor whose rights are not superior to his. McCall, Admr., v. Pixley et al., 48 Ohio St., 379.
But no logical or ethical consideration would justify the extension of that rule to the defrauded creditors of the grantor or to any one standing in their rights. .They are in no sense participes oriminis. Accordingly we have express provisions of statutes authorizing suits to subject property so conveyed to the payment of the grantor’s debts. Such suit may be brought by the creditor, or by the assignee of the grantor for the benefit of . creditors, or by the administrator under the section quoted. In none of these statutes is there express authority for an action against the fraudulent grantee for the value of the lands when the rights of a bona ficle purchaser intervene. But that such action may be maintained by the proper party seems clear on both reason and authority. Although the trust which the parties attempt to establish by their contract is void, the property in *304 the hands of the fraudulent grantee is, by the terms of the statute, impressed with a valid trust in favor of the grantor’s creditors. It may be that the fraudulent grantee is required only to surrender the land so held, but when by his own act he has made that impossible there attaches the usual incident of a personal liability for the value of the subject of the trust. Wait on Fraudulent Conveyances, section 177; Solinsky v. The Bank, 85 Tenn., 368; Chamberlin v. Jones et al., 114 Ind., 458; Mason, Admr., v. Pierron, 69 Wis., 585; Post v. Stiger, 29 N. J. Eq., 554.
. It is true that upon the subject of the right of the administrator to maintain anaction for the recovery of property fraudulently transferred by his decedent the decisions in other states are not uniform. The decisions have been much influenced by statutory provi sions. Where the administrator is regarded as succeeding only to the rights of his decedent a recovery has, of course, been denied. Where he is regarded as standing in the rights of creditors also, it has been allowed. Here in veiw of the insolvency of the estate, and the provisions of the statute, the administrator asserts the rights of creditors. This sufficiently distinguishes the case under consideration from Benjamin v. Le Baron's admr, 15 Ohio, 518, which related to personal property and was not influenced by such statutory provisions.
In answer to the observations of counsel as to the statute of limitations, it is sufficient to say that the special limitation prescribed in the section under consideration is exclusive. It limits the action to four years after the decease of grantor. The present action was brought within less than two years.
*305 The common pleas court did not err in overruling the demurrer to the petition.
This was an action for the recovery of money only. In view of the fact that the fraudulent grantee had conveyed a valid title to the subject of the trust no decree in equity was needed or sought. Although the principles upon which a recovery was sought may be of equitable cognizance, either party is entitled, in an action for the recovery of money only, to have the issues determined by a jury. The erroneous ruling of the trial court to the contrary is, however, not aground of reversal since it was made at the instance of the party who complains of the final judgment there rendered.
The question yet to be considered relates to the ruling of the trial court that the defendant is not, in a case of this character, competent to testify generally. The general rule prescribed by section 5242 of the Rev. Stat., would sustain that ruling because the plaintiff is an administrator. But the last paragraph of the section contains the following: ‘‘Nothing in this section contained shall apply to * * actions or proceedings involving the validity of a deed. ”
The foundation of this action is the invalidity of the deed to Doney. If the apparent title had remained in him the appropriate remedy would have been a decree to subject the lands conveyed. In a suit for that purpose, it is conceded, the grantee would have been competent to testify generally. The difference in the form of the action and the remedy results from the voluntary act of the fraudulent grantee in divesting himself of such title. No reason is suggested why the defendant should be competent in one form of action and not in the other, nor do the terms of the ex- *306 eeption restrict it to suits to set aside deeds or to subject lands fraudulently conveyed by the testator. Neither action could be sustained if the deed were valid to convey an absolute title according' to its purport. The action, therefore, involves the validity of a deed, and it is within both the letter and the reason of the exception. It follows that in actions of this character the defendant is within the general rule of competency prescribed by section 5240 of the Rev. Stat.

For error in excluding the testimony of the plaintiff in error the judgments of the circuit court and the court of common pleas are reversed.