### ACTION FOR CONTRIBUTION FROM A CO-SURETY.

Court of Appeals for Logan County.

WILSON McADAMS v. J. W. DUNSON.

Decided, August 10, 1915.

*Sureties—Contribution Among—Notice of Payment or Demand Not Condition Precedent to Right of Recovery.*

1. A surety who has paid more than his ratable share of a debt, is entitled to contribution from a co-surety, without averring or proving notice, or demand of payment.
2. In an action for contribution where the only relief sought is a judgment for money, costs are recoverable ·by plaintiff, as of right, under Section 11624, General Code.

*John P. Bower* and *James Kernan,* for plaintiff in error.
*Howenstine & Huston,* contra.

CROW, J.

Error to the court of common pleas.

Plaintiff in error, who was plaintiff in the court of common pleas, sought recovery from defendant in error, who was defendant below, by way of contribution, because of payments made by plaintiff, of the entire amount of two promissory notes upon which defendant and plaintiff were sureties.

The cause was tried to a jury, and at the close of plaintiff's case, on motion of defendant, a directed verdict was returned for him. Judgment was accordingly entered in defendant's favor.

The evidence tends to prove all the essential elements requisite to plaintiff's right to recover, excepting (if such be an essen-

tial element) notice to defendant, of said two several payments, or demand on him for contribution, prior to commencement of plaintiff's action.

The trial judge held such demand to be necessary, and for lack of evidence tending to prove same (and for no other reason), directed the verdict, as above stated.

The only question for determination in the present case is, therefore, the correctness of that action.

There are but three reported cases in Ohio, which either directly or remotely bear on the point.

These will be taken up in their order.

In 5 Ohio, 444, the material facts were as follows:

Edward Williams and Isaac Williams were makers of a joint and several bond, to one Heath. After its maturity, and more than six years prior to commencement of the suit, Edward Williams paid more than one-half the principal and interest then due, such payment being referred to in the opinion, as "a small sum.

Several years thereafter the obligee, Heath, brought suit on the bond for the unpaid balance, against Edward Williams and Isaac Williams, and recovered judgment against both. Soon after rendition of the judgment Isaac Wlliams died, and Edward Williams paid the whole of same.

For recovery of one-half of said two payments with interest, Edward Williams' administrators sued Isaac Williams' administrators.

The defenses were *non assumpsit,* and *non assumpsit within six years.*

The questions presented by the issues, so far as here pertinent, are: (1) applicability of the statute of limitations; (2) if applicable, the time from which it begins to run, whether from the date of each payment of a part, or from the time payment of the whole sum only, or from maturity of the original instrument of obligation upon which the parties were bound; and, (3) whether the action accrues until notice has been given, or demand has been made.

The court held: (1) that the transaction involved no element of trust, and that the statute of (six years) limitation applied;

and (2) and (3) that in cases where the co-obligor has paid in small installments, he can not, without prior notice or demand, maintain a suit for each sum so paid.

It is worthy of notice, that no fact appears which would seem to call for any comment regarding "small installments," as there were but two payments the first of which was more than one-half the total amount then due on the obligation, and the other covering the whole of the remaining sum.

It should also be observed that at page 447, "other payments" are spoken of in obvious reference to the one payment of the judgment covering said remaining sum.

While the case nowhere either in the statement of facts or the opinion, specifically discloses whether notice was given, or demand made, between the dates of payment of the judgment, and commencement of plaintiff's suit, we are constrained to assume that the court considered and decided the case on the theory of absence of such notice or demand in view of the discussion of point 4 on page 446 and the language of paragraphs three and four of the syllabus.

Hence that case must be regarded as supporting the contention that no notice of payment need be given, nor demand made, before commencement of suit.

The case of *Carpenter* v. *Kelley*, 9 Ohio, 106, is, however, a direct authority in complete opposition to the above contention, so far at least as relates to the matter of giving notice to a co-surety, of payment. The syllabus is thus restricted, and the learned judge who delivered the opinion, construed at page 108, the issue of lack of demand to be the equivalent of want of notice of payment.

No case is referred to, other than 5 Ohio, 446, *supra*, no reasoning employed, nor is there any language save the bare statement that the co-surety from whom contribution was undertaken, was not by his own act, a debtor of the surety who had paid, but became so by reason of such payment.

The case of *Neilson & Churchill* v. *Fry*, 16 O. S., 553, was a suit between co-sureties, wherein one who had paid the full amount of a judgment upon which another was equally liable, brought suit against the latter for contribution.

The form of that action was equitable in that plaintiff was invoking the fiction of subrogation because plaintiff had paid the judgment, but he actually sought no equitable relief.

The court, disregarding the form so attempted to be impressed by the plaintiff on the transaction, held the latter to be in *substance* one for the recovery of money only.

The controlling question in the case, was that of applicability of the statute of limitation, and the court decided the action to have been barred by the lapse of six years, inasmuch as the ultimate (and only) relief sought was the recovery of money only.

The question of notice of payment as a condition precedent to the right to maintain the action, was raised and discussed in the case, but was not necessarily material to the decision, because of the bar of the statute of limitation.

In discussing the question of notice, the language of the court is conflicting. At one place (page 556) it is said that, if the action was to be regarded merely as the old action of assumpsit, to recover money *equitably* due, the defense of want of notice, would have been a good bar to the action, whilst at page 558, it is stated that if recovery of the money be sought by simple action, or by the aid of the fiction of substitution, *costs* could not be recovered without previous notice of the payment.

It should also be noticed that paragraph three of the syllabus not only covers the question of the statute of limitation, but the necessity for notice of payment, is restrained to the question of *costs*.

The decision was by a divided court, three judges concurring, and two dissenting, as to the third proposition of the syllabus.

Turning from the inharmonious expressions in the above mentioned cases, to the decisions of the courts of final resort in other states, no dissention can be found. All agree upon the proposition that neither notice, nor demand of, payment need be given a co-surety, before commencement of an action against him, for contribution. The following are among the leading cases: 19 Pickering, 260; 53 California, 686; 9 Iowa, 479; 5 Atlantic Reporter, 801; 25 American Decisions, 714; 26 American Decisions, 265; 5 Vermont, 60; 34 Northwestern Reporter, 921.

To the like effect are these authoritive text-books: Childs on Suretyship and Guaranty, 329; Stearns, the Law of Suretyship, 523; Spencer on Suretyship, Sections 149, 154; Pingrey on Suretyship and Guaranty, Section 196; Brandt, Suretyship and Guaranty, Section 319.

In harmony therewith, is also the modern and most excellent and dependable work, Ruling Case Law, Volume 6, page 1045.

The judgment will therefore be reversed, and the cause remanded for a new trial.

With respect to the taxing of costs, it is sufficient to say that where the action in which contribution is sought does not involve equitable relief, the matter is now governed by Section 11624, General Code, which requires them, in a case like the one at bar, to be adjudged against defendant.

KINDER, J., and ANSBERRY, J., concur.