FLORENCE JEROME, Appellant, v. NEW YORK RAILWAYS COMPANY, Respondent.

First Department, January 16, 1920.

Railroads — negligence — action by passenger against street railway company for injuries resulting from collision between street car and taxicab — erroneous instructions to jury — liability of joint tort feasors.

Where in an action by a passenger on a street car of the defendant railway company to recover for personal injuries resulting from a collision between said car and a taxicab, it appears that the jury might have found that the collision was due solely to the negligence of the defendant's motorman, or solely to the negligence of the chauffeur of the taxicab, or to negligence on the part of both of them, it was error for the court to charge that the plaintiff having elected to bring the action against the railway com-

pany alone, without joining the owner of the taxicab or the chauffeur, was obliged to show that the collision was due *solely* to the negligence of the railway company and could not recover if the jury found that the negligence of the chauffeur contributed thereto.

It was also error for the court to refuse to instruct the jury that if the motorman and chauffeur were negligent plaintiff had a right to sue either or both or any one of the joint tort feasors.

It was not claimed that the plaintiff was guilty of contributory negligence, and the question of fact, therefore, with respect to the liability of the defendant was whether or not the plaintiff's injuries were caused or contributed to by any negligence on the part of the defendant, for if they were it is wholly immaterial whether or not there was concurrent negligence on the part of another or others, because joint tort feasors are liable both jointly and severally, and neither, under the circumstances presented in this case, has a right of contribution against the other, and, therefore, one is not entitled to have the others joined.

The allegation by the plaintiff that her injuries were caused " wholly through the fault and negligence of the defendant and its servants, agents, and employees " was merely intended to charge liability on the part of the defendant, and did not exclude concurrent negligence of a third party, and in no manner affected the law applicable to the case.

APPEAL by the plaintiff, Florence Jerome, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 9th day of April, 1919, upon the verdict of a jury, and also from an order entered in said clerk's office on the 26th day of March, 1919, denying plaintiff's motion for a new trial made upon the minutes.

*Louis B. Brodsky* of counsel [*Louis G. Hamburger*, attorney], for the appellant.

*B. H. Ames* of counsel [*James L. Quackenbush*, attorney], for the respondent.

LAUGHLIN, J.:

On the 28th day of May, 1917, plaintiff was a passenger on a north-bound Columbus avenue car of the defendant and sustained personal injuries in consequence of a collision between the car and a taxicab at a point on Columbus avenue about 100 feet north of Sixty-sixth street and this action was brought to recover therefor.

Testimony was given by witnesses called on behalf of the plaintiff tending to show that the taxicab with which the car collided was also going north on Columbus avenue; that the easterly carriageway of Columbus avenue in front of Healy's restaurant at the northeasterly corner of Columbus avenue and Sixty-sixth street was occupied by automobiles and that it was necessary for the chauffeur of the taxicab to turn onto the north-bound street railway track in order to pass; that when he turned onto the track, he observed that the track was clear for the distance of fifty or sixty feet behind his cab; that owing to the fact that there was an automobile going in the same direction on the track ahead of him and was being held back by other traffic, he was obliged to slow down somewhat and that the street car came along and crashed into the cab with such violence that the plaintiff was thrown from her seat and injured. The defendant introduced testimony tending to show that the cab was going much faster than the street car and passed it and turned onto the track when only a few feet in front of it and that the motorman could not stop the car in time to avoid the collision.

It will thus be seen that the jury might have found that the collision was due solely to the negligence of the defendant's motorman or solely to the negligence of the chauffeur of the taxicab or to negligence on the part of both of them.

The learned court in submitting the case to the jury charged that the plaintiff having elected to bring the action against the defendant alone without joining the owner of the taxicab or the chauffeur was obliged to show that the collision was due *solely* to the negligence of the street railroad company and could not recover if the jury found that the negligence of the chauffeur of the taxicab contributed thereto. To these instructions counsel for the plaintiff duly excepted and he thereupon requested the court to instruct the jury that if the motorman and chauffeur of the taxicab were negligent, plaintiff had a right to sue either or both or any one of the joint tort feasors. The court refused so to charge and an exception thereto was duly taken.

I am of opinion that the learned court misapprehended the law applicable to the situation and erred in these instructions and in refusing to charge as requested. It was not claimed that

the plaintiff was guilty of contributory negligence, and the question of fact, therefore, with respect to the liability of the defendant was whether or not her injuries were caused or contributed to by any negligence on the part of the defendant, for if they were it is wholly immaterial whether or not there was concurrent negligence on the part of another or others because joint tort feasors are liable both jointly and severally, and neither, in circumstances such as are here presented, has a right of contribution against the other, and, therefore, one is not entitled to have the others joined. (*Demarest* v. *42d St., M. & St. N. Ave. R. Co.,* 104 App. Div. 503; *Frank* v. *Metropolitan Street R. Co.,* 91 id. 485; *Ward* v. *Brooklyn Heights R. R. Co.,* 119 id. 487; affd., 190 N. Y. 559; *Geary* v. *Metropolitan Street R. Co.,* 84 App. Div. 514; affd., 177 N. Y. 535; *Flanagan* v. *New York Central & H. R. R. R. Co.,* 70 App. Div. 505; affd., 173 N. Y. 631.) The learned trial court assumed that because the plaintiff alleged that her injuries were caused " wholly through the fault and negligence of the defendant and its servants, agents, and employees " she could not recover if the collision was contributed to by negligence on the part of the chauffeur of the taxicab; but this allegation was merely intended to charge liability on the part of the defendant and did not exclude concurrent negligence of a third party and in no manner affected the law applicable to this case. (*Demarest* v. *42d St., M. & St. N. Ave. R. Co., supra; Frank* v. *Metropolitan Street R. Co., supra.*) It follows that the judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., SMITH, MERRELL and PHILBIN, JJ., concur.

Judgment and order reversed and a new trial ordered, with costs to appellant to abide event.