EMMA C. HAINES, Respondent, *v.* BERO ENGINEERING CON-
STRUCTION CORPORATION, Appellant, Impleaded with ROMANO
DEGLIQUE, Defendant.

ROBERT C. HAINES, Respondent, *v.* BERO ENGINEERING CON-
STRUCTION CORPORATION, Appellant, Impleaded with ROMANO
DEGLIQUE, Defendant.

Fourth Department, July 1, 1930.

*Cheney & Costello [W. Earle Costello* of counsel], for the appellant.

*Clarence H. Brisco,* for the respondents.

CROUCH, J. The actions arise out of a collision between an
automobile owned by the Highway Products and Manufacturing
Company and a truck owned by the defendant Deglique. The
automobile was being driven with the owner's consent by one Lane.
The truck was being driven by a general employee of its owner and
was being used in the business of the defendant Bero Engineering

Construction Corporation.   The plaintiff Emma C. Haines was a passenger in the automobile.   The plaintiff Robert C. Haines is the husband of Emma C. Haines.

The defendant Bero Corporation made a motion in each action under section 193, subdivision 2, of the Civil Practice Act to bring in the Highway Products Company and Lane as parties defendant. From orders denying the motions defendant Bero Corporation appeals.   For convenience we shall refer only to the wife's action. The decision will apply to both.

The complaint asks damages for personal injuries alleged to have been caused solely by the negligence of the defendants.   It goes further and negatives in detail and with particularity any negligence, concurrent or otherwise, on the part of the driver and of the owner of the automobile in which plaintiff was a passenger.   The decision below rests on the view that the " plaintiff should have a right to try her cause of action against the defendants whom she has selected, and stand or fall upon the issues presented by the pleadings; " and that under the issues there is no likelihood or " reasonable certainty that there ever will come a time when there will be contribution."   If it were true that the plaintiff had to stand or fall on the proof of her literal allegations, we should be inclined to agree with the learned court.   But it is not true.   Proof that her injuries were contributed to by any negligence, concurrent or sole, on the part of the defendant, would be sufficient.   (*Jerome* v. *New York Railways Co.*, 190 App. Div. 311.)   For the purposes of this motion it is fair, therefore, to consider the complaint as charging defendants with negligence sole *or* concurrent.   So considered, we start with a possibility that a verdict for plaintiff may rest on a finding of the concurrent negligence of defendants and of the parties sought to be brought in.   When we come to examine the affidavits used on the motion, we find conflicting versions of the manner in which the collision occurred.   What was a possibility becomes, in the light of the evidence and of our experience with such cases, a probability.   Where, on a motion such as this, the moving party shows that he can adduce evidence on the trial which would clearly warrant the jury in finding concurring proximate, if not sole, negligence on the part of some third person, we think he " shows," within the meaning and intent of section 193, subdivision 2, of the Civil Practice Act (as amd. by Laws of 1923, chap. 250), " that some third person, not then a party to the action, is or will be liable to such party wholly or in part for the claim made against such party in the action."   That liability exists by virtue of the provisions of section 211-a of the Civil Practice Act (as added by Laws of 1928, chap. 714), provided the third person is brought into the action so that

the finding may eventuate in a joint judgment. The burden then falls upon the party objecting to show that his rights will be substantially prejudiced as a result of the proposed joinder. (*Sherlock* v. *Manwaren*, 208 App. Div. 538, 542.) Among other matters which might be prejudicial would be the improbability of a joint judgment; for then the presence of other parties in the action would serve no good end.

In substantially all the cases decided under section 193, subdivision 2, of the Civil Practice Act before the enactment of section 211-a of the Civil Practice Act, two primary considerations were in the mind of the court: (a) The interests of the plaintiff to a fair and speedy trial under his immemorial privilege to sue whom he will among those jointly, concurrently or successively liable; (b) the convenience of the court in the administration of litigated business. So far as those cases were concerned with an asserted right of contribution or indemnity over, it is to be noted that the asserted right existed without reference to the presence of the contributor or indemnitor in the immediate action. The right could be enforced in a subsequent action. The purpose of the joinder sought and granted was to avoid circuity of action and to facilitate trial administration. The decisions were swayed by a balance between the inconveniences of the parties and of the court.

The considerations, where the provisions of section 211-a are involved, are different. The interests of the plaintiff remain, but no question of administrative convenience arises. If leave to bring in the joint or concurrent tort feasor is denied, there can be no subsequent action over. A joint judgment is a condition precedent to the right of contribution. The second consideration, therefore, goes to the granting or withholding of a substantive right. We are to say what weight is to be given to this consideration where application is made under section 193, subdivision 2, of the Civil Practice Act. Since that section was left untouched when section 211-a of the Civil Practice Act was enacted, there is no further express encroachment on the established right of a plaintiff with reference to the joinder of defendants. Subject to the provisions of that section and to the discretion thereby vested in the court, we think the interests of the plaintiff are still of primary importance. That does not mean that they are exclusive. The legislative purpose in the enactment of section 211-a was to modify the ancient rule of law (See *Peck* v. *Ellis*, 2 Johns. Ch. 131), under which there was no contribution between joint tort feasors who were *in pari delicto*. We may assume, perhaps, that to the more tolerant modern mind the morality of that old doctrine seemed too stark and austere to be just. Mercy there may be even to a wrongdoer.

The statute grants a substantial right. It was not intended, we think, that the opportunity of a defendant to utilize that right should depend solely upon the will of a plaintiff; nor should the courts thwart the legislative purpose by a narrow interpretation of a practice rule nor by the use of a discretion too restricted in scope. The moving defendant is asking the court to grant it a right which would have been available to it but for the omission of the plaintiff to bring in the other parties involved in the collision. In making that omission plaintiff, in the first instance, was within her privilege. The defendant has made out a case for the relief sought. Against that we must weigh the evidence offered by plaintiff to make out her claim of prejudice. The affidavits offered in her behalf disclose the pendency of six actions growing out of the collision, the issues in which cover every possible phase of claim and counterclaim among all the parties involved, including the two who are sought to be brought in here. As a reason for denying this motion plaintiff asserts that " the court undoubtedly will order all the cases that are now at issue to be tried together, as they all arose out of the same transaction." In view of the possibility of such a consolidated trial, apparently approved and acquiesced in by plaintiff, it is difficult to see how the relief asked for here can in anywise embarrass her. No new issues will arise. No other witnesses will be sworn. The evidence to be adduced will be unchanged. The sole difference will be that if the jury find her injuries were caused by the concurrent negligence of the two drivers, she will have a judgment not only against the present defendants, but also against two other parties; and as between them there will be contribution. And even though there were no consolidated trial, the situation would not be materially different. The question of whose negligence caused the plaintiff's injuries will be litigated to the limit as the case now stands. If the motion is granted the issues will be no different, the same evidence will be adduced and the same arguments will be made. No issue relating to property damage can arise on the pleadings between the defendants, as suggested *arguendo* in the opinion below. Since the joinder, if permitted, is solely by virtue of section 193, subdivision 2, of the Civil Practice Act, the issue between defendants can relate only to the ultimate liability for claim made by plaintiff against the original defendant.

The decision of this court, or rather some of the language used in the opinion of this court in *Greenhouse* v. *Rochester Taxicab Co.* (218 App. Div. 224), has been pressed to our attention in support of the order made below. That language, of course, is to be taken in connection with the facts as they appeared in that case, which was decided before the enactment of section 211-a of the Civil

Practice Act. We adhere to the standard of probability there stated. Since there was then no contribution between defendants who were equally at fault, we could find in the meagre evidence before us no such probability of liability over as we had found in *Hailfinger* v. *Meyer* (215 App. Div. 35), and as we find here.

The orders should be reversed, with ten dollars costs and disbursements, and the motions granted. Supplemental pleading to be framed and served by the moving defendant. (See *Hailfinger* v. *Meyer*, *supra*, and *Bozzuffi* v. *Darrieusecq*, 125 Misc. 178.)

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, THOMPSON and CROSBY, JJ.

In each case: Order reversed, with ten dollars costs and disbursements, and motion granted, without costs.