ESTHER H. PRICE, Respondent, *v.* THOMAS D. RYAN, Appellant, and GUY B. DICKISON, Respondent.

(Argued October 15, 1930; decided November 18, 1930.)

*Henry R. Follett* and *George R. Fearon* for appellant. The act of defendant Dickison in sending a drunken driver through the streets of Syracuse with a two and one-half ton truck was the proximate cause of plaintiff's injury and absolved appellant from liability. (*Saugerties Nat. Bank* v. *D. & H. Co.*, 236 N. Y. 425; *Hoffman* v. *King*, 160 N. Y. 618; *Laidlaw* v. *Sage*, 158 N. Y. 73; *Ragone* v. *State of New York*, 123 Misc. Rep. 48; 211 App. Div. 573; 243 N. Y. 607; *Babcock* v. *Fitzpatrick*, 221 App. Div. 638; 248 N. Y. 608; *Seith* v. *Commonwealth Elec. Co.*, 89 N. E. Rep. 425; *Psotta* v. *Long Island R. R.*

*Co.*, 246 N. Y. 348; *Owen* v. *Gruntz*, 216 App. Div. 19; *Fluegel* v. *Coudert*, 244 N. Y. 393.) Irrespective of the truck driver's intoxication and defendant Dickison's criminal act, the driver was the servant of Dickison and not of appellant. (*Finnegan* v. *Piercy Contract. Co.*, 189 App. Div. 699; *DePerri* v. *Motor Haulage Co., Inc.*, 185 App. Div. 384; *Carr* v. *Burke*, 183 App. Div. 361; *Hartell* v. *Simonson & Son Co.*, 218 N. Y. 345; *Baum* v. *Link*, 110 Misc. Rep. 297; *McNamara* v. *Leipzig*, 227 N. Y. 291; *Braxton* v. *Mendelson*, 233 N. Y. 122; *Schmeds* v. *Deffaa*, 153 App. Div. 819; 214 N. Y. 675; *Charles* v. *Barrett*, 233 N. Y. 127; *Lipschitz* v. *Fitzpatrick, Inc.*, 234 N. Y. 592; *McLaughlin* v. *Clarke Co.*, 251 N. Y. 507; *Bartholomew* v. *Bennett Contracting Co.*, 245 N. Y. 66.)

*Charles E. Spencer* for plaintiffs, respondents. The appellant is liable for damages under section 282-e of the Highway Law. (*Grant* v. *Knepper*, 245 N. Y. 158.) The right of plaintiffs to enforce their judgments against the appellant is not dependent upon the question of whether Dickison might also have been held liable. (*Sweet* v. *Perkins*, 196 N. Y. 482; *Jerome* v. *N. Y. Rys. Co.*, 190 App. Div. 311; 45 C. J. 895; *Dean* v. *Metropolitan Elevated Ry. Co.*, 119 N. Y. 540; *People* v. *Alaboda*, 198 App. Div. 41; *Jones* v. *City of Albany*, 151 N. Y. 223; *Matter of Andersen*, 91 App. Div. 563; *Town of Hempstead* v. *City of New York*, 52 App. Div. 182; *Smith* v. *Boston & Albany R. R. Co.*, 99 App. Div. 94; Sutherland's Statutes & Statutory Construction [1st ed.], 371.)

*Joseph M. Meatyard* for defendant, respondent. Defendant Ryan has no right of appeal in this action against defendant Dickison. (*Popham* v. *Twenty-third St. Ry. Co.*, 16 J. & S. 229; 89 N. Y. 633; *Lane* v. *N. Y., N. H. & H. R. R. Co.*, 95 App. Div. 633; *Isham* v. *N. Y. Assn. for Poor*, 177 N. Y. 218; *Matter of Fleming*, 223 App. Div. 849; *People ex rel. Breslin* v. *Lawrence*, 107 N. Y. 607;

*Bryant* v. *Thompson,* 128 N. Y. 426; *Matter of Hodgman,* 140 N. Y. 421; *Matter of Richmond,* 63 App. Div. 488; *Hyatt* v. *Dusenbury,* 106 N. Y. 663.)

*Per Curiam.* The plaintiff was injured through the negligence of a truck driver who was in the general employment of the defendant Ryan. Even though it be conceded that the defendant Dickison, with whom Ryan had contracted for the use of the truck and driver, was negligent in directing the driver, known to him to be intoxicated, to proceed along the street where the accident occurred, the defendant Ryan has no standing to complain that the jury found a verdict against himself alone. The Civil Practice Act (§ 211-a) in furnishing to one joint tort feasor a remedy for the recovery of contribution from the other, expressly confines the remedy to cases where a money judgment has proceeded against both. At common law Ryan would have had no cause of action in contribution. Under the statute he has none, since no judgment against his joint tort feasor has been had. The plaintiff, entitled to a judgment against Ryan, because of his tort, should not be denied an enforcement of the judgment because the jury, in exculpating Dickison, refused to enforce an additional liability to which the plaintiff may have been entitled.

The judgment should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment affirmed.