Michael Tirpaeck, Respondent, *v.* Carl Sweet, Appellant. Herman B. Pearson, Respondent.

Fourth Department, January 7, 1931.

*Joseph R. Webster*, for the appellant.

*Hampton H. Halsey*, for the plaintiff, respondent.

*Roy P. Ohlin* [*Mason O. Damon* of counsel], for the respondent Pearson.

Taylor, J. The order denying defendant's motion to make respondent Pearson a party defendant should be affirmed, with ten dollars costs and disbursements. There is no claim that any relation exists between defendant and respondent Pearson other than that of joint tort feasors. Therefore, unless section 211-a of the Civil Practice Act (as added by Laws of 1928, chap. 714) indicates a contrary holding, the application to bring in Pearson was correctly denied. (*Greenhouse* v. *Rochester Taxicab Co.*, 218 App. Div. 224.) The statute cited is presumptively prospective in operation (*Jacobus* v. *Colgate*, 217 N. Y. 235, 240), and by its terms operates prospectively only. It became operative after this plaintiff's right of action accrued. It affects substantial rights of tort feasor defendants *inter sese* (*Haines* v. *Bero Engineering Construction Corp.*, 230 App. Div. 332, 333) rather than mere procedure. Even " the grant of a remedy where none of any kind was available,

is equivalent in substance to the creation of a cause of action." (*Jacobus* v. *Colgate, supra.*) But this statute goes further than to grant a secondary privilege of utilizing a remedy originally existing in an injured person. Whenever a money judgment is recovered against two or more tort feasor defendants jointly, the section creates a new right of action which did not exist before in favor of a joint tort feasor who has been compelled to pay more than his share — not merely an additional remedy for the enforcement of an existing right (*Laird* v. *Carton*, 196 N. Y. 169) — and subjects other joint tort feasors to added jeopardy as to their property rights. (See *Deutscher* v. *Cammerano*, 230 App. Div. 867, and *Bargeon* v. *Seashore Transportation Co., Inc.*, 196 N. C. 776, 777.)

All concur, except SEARS, P. J., and CROUCH, J., who dissent and vote for reversal on the facts and for granting the motion, in a memorandum. Present — SEARS, P. J., CROUCH, TAYLOR, THOMPSON and CROSBY, JJ.

SEARS, P. J. (dissenting). In *Haines* v. *Bero Engineering Construction Corp.* (230 App. Div. 332) this court in the exercise of its discretion permitted one of two joint tort feasors to bring in as a party defendant the other, to the end that a joint judgment might be rendered against the two and the provisions of section 211-a of the Civil Practice Act (as added by Laws of 1928, chap. 714) become applicable.

The motion before us is similar to that in the *Haines Case* (*supra*) except that the accident out of which the action arose and the beginning of the action itself antedated the day on which section 211-a of the Civil Practice Act became effective. In *Price* v. *Ryan* (255 N. Y. 16) it was held that it was not open to one of two defendants sued as joint tort feasors to urge that error had occurred on the trial affecting the plaintiff's cause of action against the other defendant. " The Civil Practice Act (§ 211-a)," said the Court of Appeals, " in furnishing to one joint tort feasor a remedy for the recovery of contribution from the other, expressly confines the remedy to cases where a money judgment has proceeded against both."

The joint money judgment being thus the foundation of the right of contribution, the statute (Civ. Prac. Act, § 211-a) is applicable wherever the joint judgment postdates the effective date of the statute; the dates of the tort itself and of the beginning of the action are immaterial. The statute relates in this way to procedure. The right to contribution given by the statute rests upon the fundamental duty of the joint tort feasors to compensate the plaintiff for damages suffered through their fault. (See *First*

*Nat. Bank of Ovid* v. *Steel,* 136 Mich. 588; *Brearley School* v. *Ward,* 201 N. Y. 358; *Leggett* v. *Hunter,* 19 id. 445.) The case does not differ then in any material respect from the *Haines Case* (*supra*) and discretion should be exercised here to bring in the other joint tort feasor as a party defendant in the same way that discretion was exercised there.

CROUCH, J., concurs.

Order affirmed, with ten dollars costs and disbursements.