CLAUDE T. FOX, Plaintiff, v. WESTERN NEW YORK MOTOR LINES, INC., Appellant, Impleaded with WILLIAM H. HARLOFF, Respondent.

Fourth Department, May 6, 1931.

*Clayton M. Smith*, for the appellant.

*Milton L. Baier* and *Chester F. Lexer*, for the respondent.

SEARS, P. J. Plaintiff suffered physical injuries in a collision between an omnibus owned and operated by the defendant Western New York Motor Lines, Inc., and an automobile truck which was driven by the defendant Harloff. The plaintiff was a passenger in the automobile truck. He brought an action to recover his damages against the defendant corporation, alleging that his injuries were due to the negligence of the defendant corporation.

He did not join the defendant Harloff as a party defendant in the action nor in the complaint did he make any allegation as to the care or lack of care of Harloff.

After the summons was served on the defendant corporation, it moved to bring in Harloff as a party defendant, showing by affidavit that negligence of Harloff was the cause, in whole or in part, of the plaintiff's injuries. The plaintiff did not appear upon the motion and it was granted. Under the circumstances, even had the plaintiff appeared in opposition, the motion could have been granted upon the authority of the decision of this court in *Haines* v. *Bero Engineering Construction Corp.* (230 App. Div. 332).

The defendant corporation then caused a supplemental summons and " answer and pleading under Section 193 of the Civil Practice Act " to be served upon the defendant Harloff. This answer and pleading alleged that the collision was due solely to the negligence of the defendant Harloff, and further alleged that the defendant Harloff's negligence and the freedom from negligence of the defendant corporation had been adjudicated in the Supreme Court in an action between them. Judgment was demanded in the " answer and pleading," not only for dismissal of the plaintiff's complaint as to the defendant corporation, but further to the effect that if the plaintiff was adjudged to have a cause of action against the defendant corporation, judgment should be rendered jointly against the defendant Harloff and the defendant corporation.

The defendant Harloff then moved for a dismissal as to him of the " supplemental summons and pleading," showing by affidavit

that previous to the beginning of the action by the plaintiff against the defendant corporation, the defendant Harloff had settled the plaintiff's claim for damages against him by paying the plaintiff fifteen dollars, and taking his release under seal, in which release, however, the plaintiff's "claim and right for personal injury" against the defendant corporation was reserved. Upon this motion, the facts of the settlement and of the giving of the release were not challenged. Neither was the good faith of the plaintiff or of defendant Harloff in making the settlement questioned.

This motion of the defendant Harloff was granted and the case is here on appeal from the resulting order. The justice at Special Term, in making his determination, relied principally, as is shown by his opinion, upon the decision of the Court of Appeals in *Price* v. *Ryan* (255 N. Y. 16).

This court has heretofore construed section 211-a of the Civil Practice Act liberally as a remedial statute. We have treated that section in a practical way and viewed it as tending to modify the old rule against non-contribution, long recognized as unreasonable and arbitrary, at least where willfulness and moral turpitude are absent. (31 Columbia Law Rev. 508; 16 Cornell Law Quart. 246; *Palmer* v. *Wick & Pulteneytown Steam Shipping Co., Ltd.*, L. R. [1894] A. C. 318.) So in the opinion in the *Haines Case* (*supra*) the following language was used: "The legislative purpose in the enactment of section 211-a was to modify the ancient rule of law (See *Peck* v. *Ellis*, 2 Johns. Ch. 131), under which there was no contribution between joint tort feasors who were *in pari delicto*. We may assume, perhaps, that to the more tolerant modern mind the morality of that old doctrine seemed too stark and austere to be just. Mercy there may be even to a wrongdoer. The statute grants a substantial right."

The old rule tended to an unfair allocation of loss. The layman's protest against it found expression in the divided verdicts frequently returned. Still, as under the old rule, the interest of the plaintiff in a prompt adjudication of his claim and payment of damages awarded is the first consideration. However, though the interests of the plaintiff continue to be of primary importance, they are not to be viewed as exclusive. The right which we thought given by section 211-a of the Civil Practice Act led us to the decision which we made in interpreting section 193 of the Civil Practice Act in *Haines* v. *Bero Engineering Construction Corp.* (*supra*). We deemed the right under section 211-a of the Civil Practice Act substantial and since it was unenforcible in the absence of a joint judgment, we construed section 193 of the Civil Practice Act as granting a subordinate procedural right to bring in an unsued tort

feasor as a step in the process of transforming the right which was then inchoate into an enforcible one embodied in a joint judgment.

The order which we are now reviewing brings up sharply the question whether one of several joint tort feasors has any right as to the other joint tort feasors before the actual rendition of a joint judgment. The respondent contends (and cites *Price* v. *Ryan, supra,* in support of his contention) that the right to contribution has its origin solely in the joint judgment itself; that when the joint judgment is rendered one of the joint judgment debtors on making payment may recover contribution by virtue of the plaintiff's right as a judgment creditor of the other, but until the joint judgment is rendered the plaintiff has exclusive control of the action and a defendant may not interfere with the plaintiff's control. The Missouri courts have interpreted in this way a somewhat similar statute of Missouri. (*Flenner* v. *Southwest Missouri Railroad Co.,* 221 Mo. App. 160.) Such has not been our view of our statute nor do we find the language in the opinion in *Price* v. *Ryan (supra)* such as to constrain us to adopt the respondent's contention.

In *Price* v. *Ryan (supra)* two defendants were sued. A verdict in favor of the plaintiff against one defendant and against the plaintiff in favor of the other defendant was rendered. The defendant against whom the verdict was rendered sought a reversal of the judgment against him entered on the verdict as well as of the judgment in favor of the other defendant because of an error affecting only the legal duty to the plaintiff owed by the defendant in whose favor the judgment was granted. The Court of Appeals said: " The Civil Practice Act (§ 211-a) in furnishing to one joint tort feasor a remedy for the recovery of contribution from the other, expressly confines the remedy to cases where a money judgment has proceeded against both. At common law Ryan [the defeated defendant] would have had no cause of action in contribution. Under the statute he has none, since no judgment against his joint tort feasor has been had. The plaintiff, entitled to a judgment against Ryan, because of his tort, should not be denied an enforcement of the judgment because the jury, in exculpating Dickison [the other defendant] refused to enforce an additional liability to which the plaintiff may have been entitled." In other words, as we understand this opinion, the paramount right of the plaintiff, already prosecuted to judgment, is not to be put in hazard in order that a subordinate right of a defendant may be enforced. The case, as we understand it, does not militate against a procedural enforcement of a joint tort feasor's right under section 211-a of the Civil Practice Act (as we construe that right to be), where the

rights of the plaintiff are unaffected thereby. As was said in our earlier case (*Haines* v. *Bero Engineering Construction Corp.*), we deem the right a substantial one, not merely of a phantom nature existent or not at the whim of a plaintiff, but one which the courts may enforce even against the will of the plaintiff, unless the plaintiff's own rights are thereby put in jeopardy. (*Tirpaeck* v. *Sweet*, 231 App. Div. 353.) If it is actually such a substantial right, it may not be interfered with by any act of the plaintiff, such as a refusal to sue, or an objection to bringing in a new party defendant, or a failure to produce evidence or a voluntary nonsuit.

In this case we have the question whether it may be defeated by a release given by the plaintiff to the joint tort feasor. The right to contribution dependent on section 211-a of the Civil Practice Act must necessarily grow out of a cause of action in favor of the plaintiff, both against the one who seeks contribution and against the one from whom contribution is sought. If the plaintiff's cause of action is released absolutely and without reservation against either one, it is released against both. A release of one, however, reserving the right against the other, as the principle is now embodied in statute (Debtor & Creditor Law, §§ 231–235, as added by Laws of 1928, chap. 833), is not a release in the technical sense, even against the obligor released. It is to be construed rather as a covenant not to sue. (*Gilbert* v. *Finch*, 173 N. Y. 455.)

When a joint tort occurs, a right of contribution among the joint tort feasors arises forthwith under the provisions of section 211-a of the Civil Practice Act, as we construe it, despite its procedural language, but the right, as is said above, is inchoate. It is none the less real and subsisting. It is incident, in a sense, to the injured person's right of recovery. As long, then, as the injured person's right to compensation remains undischarged, even though unenforcible by agreement, the subordinate right of contribution continues (See Williston Cont. § 342, and see Debtor & Creditor Law, § 233, repealed by Laws of 1928, chap. 833), and the courts should be open to grant such procedural relief as will result ultimately in an enforcement of this substantial right. For these reasons, therefore, we are of the opinion that the defendant Harloff should have been continued as a party defendant in this case.

It may be urged that the views expressed defeat the principle, now embodied in the statute (Debtor & Creditor Law, art. VIII, as added by Laws of 1928, chap. 833) relating to separate settlements as to one of several joint obligors with reservation of rights against others (covenants not to sue). This is not the case. We treat the release of one of several joint tort feasors with reservation against the others as we believe the release of one of several joint

or joint and several obligors under a contract with reservation against the others is treated. (Williston Cont. § 342.) Such a release relieves the released joint obligor from a direct enforcement of the obligee's cause of action. All that remains is a proportionate responsibility enforcible by his joint obligors, an obligation essential to an equitable distribution of the loss.

The order should be reversed on the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, THOMPSON and CROSBY, JJ.

Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.