JOSEPH DEE, Respondent, *v.* BEATRICE SPENCER and Another, Defendants, Impleaded with HERBERT SPENCER, Appellant, and JAMES COLLINS, Respondent.

Fourth Department, June 30, 1931.

*Gibbons, Pottle & Pottle* [*Willard M. Pottle* of counsel], for the appellant.

*Berkery, Barth & Ganim* [*Edward T. Berkery* and *Philip C. Barth* of counsel], for the plaintiff, respondent.

*William H. Hartzberg*, for the defendant, respondent.

CROSBY, J. This action was tried together with a companion action growing out of the same accident (233 App. Div. ——), and in each action a verdict was rendered against the defendant Spencer in favor of plaintiff, and in this action a verdict was also rendered against Spencer in favor of his codefendant, Collins. Plaintiff was driving behind Spencer's car which collided with the Collins car, coming in the opposite direction. The Collins car came on and collided with the plaintiff's car, causing the injuries complained of. Plaintiff sued both Spencer and Collins, alleging the negligence of each. Spencer's answer is a general denial. The answer of Collins, in addition to a general denial as to plaintiff's complaint, sets up a counterclaim against defendant Spencer based on the claim that Spencer alone was responsible for the accident.

The appellant Spencer complains because, after the evidence was closed and while the case was being summed up, the plaintiff, speaking through his counsel in his summation, submitted, in effect, to a voluntary nonsuit as to defendant Collins. The trial

court, in its charge, gave its assent to the voluntary nonsuit in these words: " Upon the summation on the part of the plaintiff the plaintiff's counsel in substance stated to you that the plaintiffs did not claim that the accident was caused through the negligence of the defendant Collins, but he stated in substance that it was not caused, and the claim of the plaintiffs is now that it was not caused through the negligence of the defendant Collins. That being so, and that being the position of the plaintiffs, you have the right to accept that so far as this case is concerned, and under such circumstances you are not to find a verdict against the defendant Collins, because the plaintiffs have, in substance, stated in the manner as you have just heard by their counsel, that the defendant Collins is not liable and was not negligent. So it gets down to the question whether the plaintiffs have established that the accident was caused by the negligence of the defendant Spencer, and that the plaintiffs were free from contributory negligence which contributed to, or brought about the accident."

To this part of the charge counsel for Spencer duly excepted.

This court has heretofore held that, by reading together section 193 of the Civil Practice Act (as amd. by Laws of 1923, chap. 250) and section 211-a of the Civil Practice Act (added by Laws of 1928, chap. 714), a substantial right is given a defendant, sued in a tort action, to bring in another defendant upon a showing that the defendant sought to be brought in is jointly liable with the original defendant. (*Haines* v. *Bero Engineering Construction Corporation,* 230 App. Div. 332.) It would be but a phantom right if the plaintiff could bring in the additional defendant in the first place, hold him in to the very end of the trial, and then, over the codefendant's objection, release him by means of a voluntary nonsuit. It is not a sufficient answer to say that defendant Spencer contented himself with a general denial, and neither pleaded a counterclaim against Collins, nor alleged negligence on the part of the latter. Spencer had a right to rely on plaintiff's sincerity in pleading the negligence of Collins. A motion for a nonsuit in behalf of Collins, made at the end of the plaintiff's evidence, was denied. That motion, in behalf of Collins, was renewed at the end of the whole case, and again denied. And furthermore, at the end of the whole case a motion for a directed verdict in favor of Collins was denied. It thereby became the law of the case that there was evidence that would warrant a finding that Collins was negligent. It, then, did not lie in plaintiff's power to release Collins when Spencer's rights depended on keeping him in. Speaking of the right of a defendant in Spencer's situation, this court, in an opinion by SEARS, P. J., in *Fox* v. *Western New York Motor Lines, Inc.* (232 App. Div. 308),

said: " We deem the right a substantial one, not merely of a phantom nature existent or not at the whim of a plaintiff, but one which the courts may enforce even against the will of the plaintiff, unless the plaintiff's own rights are thereby put in jeopardy. (*Tirpaeck* v. *Sweet*, 231 App. Div. 353.) If it is actually such a substantial right, it may not be interfered with by any act of the plaintiff, such as a refusal to sue, or an objection to bringing in a new party defendant, or a failure to produce evidence *or a voluntary nonsuit.*" (Italics mine.)

Respondent makes, in his brief, one argument that should be briefly considered — that is, that the court did submit the question of the negligence of Collins to the jury for decision in connection with the right of Collins, under his counterclaim, to recover against his codefendant, Spencer, and that, since the jury found a verdict for Collins against Spencer, it must have found that Collins was free from negligence in any case. The argument is unsound. If it was error to charge the jury that the negligence of Collins could not be considered by them in relation to one phase of the case, the error was not cured by telling the jury that they might consider his negligence in relation to another phase of the case. The jury might easily have been led to find that Collins was free from such contributory negligence as would defeat his recovery against Spencer on his counterclaim, because, upon the branch of the case that had to do with the liability of Collins to the plaintiff, they had been told that " Collins is not liable and was not negligent."

It remains only to consider respondent's argument that this case is governed by the decision of the Court of Appeals in *Price* v. *Ryan* (255 N. Y. 16). In that case the jury gave plaintiff a verdict against one of two defendants, sued jointly, and exculpated the other defendant. The Court of Appeals held that the defeated defendant could not put in hazard the paramount right of the plaintiff by having a new trial to enable him to enforce an alleged subordinate right against his codefendant. The instant case would be governed by the rule announced in *Price* v. *Ryan* had the plaintiff permitted the jury to pass upon the liability of each of the defendants. Having volunteered to deprive one defendant of his rights as against the other defendant, plaintiff is in no position to assert that the defendant thus wronged is bound by the rule in *Price* v. *Ryan*. Defendant Spencer was, by plaintiff's voluntary nonsuit as to Collins, as effectually deprived his day in court, as against Collins, as if plaintiff had successfully resisted bringing in Collins in the first place. Plaintiff would not have jeopardized his own rights in the least to have permitted the jury to pass upon the liability of each of the defendants to him. He went out of his

way to jeopardize the rights of one defendant as against the other.

The judgment should be reversed on the law and a new trial granted, with costs to the appellant to abide the event.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and CROSBY, JJ.

Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event.