BARNEY ROTHMAN, Plaintiff, *v.* BASIL GORDON BYRON, Defendant.

County Court, Westchester County, October, 1931.

*William C. Young*, for the plaintiff.

*William E. Lowther*, for the defendant.

COYLE, J. The defendant makes two motions. One is to consolidate this action with one against the same defendant in which David H. Krasnow is the plaintiff. The motion to consolidate is consented to and, therefore, will be granted.

The other motion is for leave to bring in and make said David H. Krasnow a party defendant herein. This second motion is made under section 193 of the Civil Practice Act to enforce a right of contribution which the defendant claims to have against said David H. Krasnow pursuant to section 211-a of the Civil Practice Act. The plaintiff, who sued for personal injuries, was an occupant of an automobile which was operated by the said Krasnow. This automobile came into collision with the defendant's automobile. The plaintiff, for reasons of his own, has elected not to sue the man who was operating the car in which he was a guest. Krasnow, however, has brought suit for property damage to his car.

Section 193 of the Civil Practice Act is as follows:

" Determination of rights of parties before the court. 1. The court may determine the controversy as between the parties before it where it can do so without prejudice to the rights of others or

by saving their rights; but where a complete determination of the controversy cannot be had without the presence of other parties the court must direct them to be brought in.

" 2. Where any party to an action shows that some third person, not then a party to the action, is or will be liable to such party wholly or in part for the claim made against such party in the action, the court, on application of such party, may order such person to be brought in as a party to the action and direct that a supplemental summons and a pleading alleging the claim of such party against such person be served upon such person and that such person plead thereto, so that the claim of such moving party against such person may be determined in such action, which shall thereupon proceed against such person as a defendant therein to such judgment as may be proper.

" 3. Where a person not a party to the action has an interest in the subject thereof, or in real property the title to which may in any manner be affected by the judgment, or in real property for injury to which the complaint demands relief, and makes application to the court to be made a party, it must direct him to be brought in by the proper amendment.

" 4. The controversy between the defendants shall not delay a judgment to which the plaintiff is entitled, unless the court otherwise directs." (Amd. by Laws of 1922, chap. 624; Laws of 1923, chap. 250, in effect September 1, 1923.)

Section 211-a of the Civil Practice Act is as follows: "Action by one joint tort-feasor against another. Where a money judgment has been recovered jointly against two or more defendants in an action for a personal injury or for property damage, and such judgment has been paid in part or in full by one or more of such defendants, each defendant who has paid more than his own *pro rata* share shall be entitled to contribution from the other defendants with respect to the excess so paid over and above the *pro rata* share of the defendant or defendants making such payment; provided, however, that no defendant shall be compelled to pay to any other such defendant an amount greater than his *pro rata* share of the entire judgment. Such recovery may be had in a separate action; or where the parties have appeared in the original action, a judgment may be entered by one such defendant against the other by motion on notice." (Added by Laws of 1928, chap. 714, in effect September 1, 1928.)

The defendant claims that section 211-a gives him a substantive right of contribution from all joint tort feasors in *pari delicto* with himself, whether they have been made parties defendant by the plaintiff or not. He further claims that section 193 authorizes and

empowers the court to bring in and make parties defendant another joint tort feasor or joint tort feasors from whom the defendant is entitled to contribution. If the defendant's first proposition ·is sound the second would seem logically to follow. The question is, therefore, whether section 211-a confers a substantive right of contribution existent prior to the entry of a money judgment and independent thereof.

The learned Appellate Division of the Fourth Department has twice held that section 211-a does confer such a right, and that a defendant may bring in and make parties all other joint tort feasors in *pari delicto* with himself. (*Haines* v. *Bero Eng. Const. Corp.*, 230 App. Div. 332; *Fox* v. *Western N. Y. Motor Line, Inc.*, 232 id. 308.*)

. If these decisions are sound and if there has been no contrary holding by the Court of Appeals or the Appellate Division of this department it is obligatory upon this court to follow them. Otherwise not.

Under the common law a person injured by the joint negligence of two or more wrongdoers had the unqualified right to decide for himself whether he would sue one or all of said wrongdoers, each of whom was liable for the resulting damages in full and had no right of contribution from any of the other wrongdoers. Unquestionably the Legislature has modified this common-law doctrine. But the Legislature has expressly and clearly stated the extent of this modification and the circumstances under which it is to become effective. They limit it to the .situation that arises " where a money judgment has been recovered jointly against two or more defendants in an action for a personal injury or for property damage, and such judgment has been paid in part or in full by one or more of such defendants." Did the Legislature intend to go further? Did they intend completely to abrogate the common-law doctrine discussed above? If so, why did they not so state? Why precede the enactment with words of specific limitation? A statute in derogation of the common law must be strictly construed.

In the *Haines Case* (*supra*) the court said (p. 335): " It was not intended, we think, that the opportunity of a defendant to utilize that right should depend solely upon the will of a plaintiff."

In reasoning thus the learned court led itself into an entirely different situation, which was later presented in the *Fox Case* (*supra*). There the plaintiff had executed a conditional release of one of two joint tort feasors for a valid consideration. In other words, he had settled his claim against the one and brought suit against the other. The defendant thereupon brought in and made a party defendant the man with whom the plaintiff had settled and

* Revd., 257 N. Y. 305.

to whom the plaintiff had given a release. The learned court was then compelled to hold that the release was ineffective to prevent the defendant from bringing in the released party for the purpose of recovering from him his *pro rata* share of any judgment that might be rendered, and this despite the fact that the plaintiff thereby necessarily receives a money judgment contrary to his wish and against a person whom he has released. The effect of such an interpretation of section 211-a will be to prevent the settlement of claims for personal injuries or property damage wherever there is any other person or persons against whom, by any stretch of the imagination, the plaintiff might make a claim. No defendant could ever buy his peace and accept a conditional release. It would be unsafe for him to do so. And this, it seems to me, is contrary to public policy.

Then, too, if section 211-a does confer a substantive right of contribution when a joint tort occurs, would not one defendant have a right to appeal a judgment based upon a verdict of a jury which found him liable and exonerated a codefendant? In other words, if he has the right to contribution as soon as the tort occurs, and a trial results in a judgment in favor of the plaintiff against himself alone and in favor of his codefendant against the plaintiff, which judgment is contrary to the evidence, would he not have the right of appeal against his codefendant? If the *Haines Case* (*supra*) and the *Fox Case* (*supra*) are sound, it would seem to follow that the right of appeal would necessarily lie between the defendants themselves in such a case. Yet the Court of Appeals has held otherwise. (*Price* v. *Ryan*, 255 N. Y. 16.)

There the court said: "The defendant Ryan has no standing to complain that the jury found a verdict against himself alone. The Civil Practice Act (§ 211-a) in furnishing to one joint tort feasor a remedy for the recovery of contribution from the other, expressly confines the remedy to cases where a money judgment has proceeded against both. At common law Ryan would have had no cause of action in contribution. *Under the statute he has none, since no judgment against his joint tort feasor has been had.*"

The language of section 211-a seems to me clear and unambiguous. The language just quoted of the Court of Appeals seems no less so. In the absence of further light on the matter I am constrained to hold that the plaintiff in the case at bar, when he elected not to sue the driver of the car in which he was riding — who was presumably his friend — was exercising a privilege well within his legal rights, and that the defendant has no standing to complain. If in fact it be that the accident was caused solely by the negligence

of Krasnow, as the defendant claims it was, proof to that effect will constitute a defense.

The motion to consolidate this action with that of David H. Krasnow v. Basil Gordon Byron is granted, without costs. The motion to make David G. Krasnow a party defendant pursuant to section 193 and section 211-a of the Civil Practice Act is denied, without costs.