WESTERN CASUALTY & SURETY COMPANY, Appellant, vs. MILWAUKEE GENERAL CONSTRUCTION COMPANY and another, Respondents.

*November 8—December 5, 1933.*

The cause was submitted for the appellant on the briefs of *Bender, Trump, McIntyre & Freeman,* attorneys, and *Eugene L. McIntyre* and *Ronold A. Drechsler* of counsel, all of Milwaukee, and for the respondents on that of *Sanders & McCormick* of Milwaukee.

FAIRCHILD, J.   The only issue under the pleadings as supplemented by the stipulation is the right of one of two or more joint tortfeasors to reimbursement for moneys paid on account of a common liability arising out of an act in which the negligence of each concurred.   The plaintiff made a settlement with the injured parties after claims had been made but before suit was commenced.   Before making the

payment plaintiff demanded that the other joint tortfeasor pay its share by way of contribution. This was refused, the settlement was made, and a full release of all was taken.

Contribution between joint tortfeasors is the rule in this state and may be enforced when the common liability exists, where the wrong is a mere act of negligence involving no moral turpitude. *Ellis v. Chicago & N. W. R. Co.* 167 Wis. 392, 167 N. W. 1048. This right exists in favor of an alleged joint tortfeasor who has paid more than his just share of such a loss. The right is founded upon principles of equity and natural justice. *Brown v. Haertel,* 210 Wis. 354, 246 N. W. 691. It is a liability which the law has imposed upon the joint tortfeasors because of the circumstances in which they placed themselves by their negligent conduct. Out of this common liability arises the right to contribution when one joint tortfeasor has paid more than his equitable share of this common obligation. *Wait v. Pierce,* 191 Wis. 202, 209 N. W. 475, 210 N. W. 822. Some confusion seems to exist as to when joint tortfeasors are subject to a common liability. Logically, it would appear that the right comes into being when the combination of negligent acts gives force and direction to events necessarily resulting in an occasion for paying damages. This does not depend upon an action being begun. A lawsuit may be necessary to settle the differences arising between the parties, but it is not within the province of a court as an original matter to give this right or to take it away. It has its inception at the time the negligence of the alleged joint tortfeasors concur to bring the injuries to the third person. It springs up at the time and then and forever afterwards, until the claim is outlawed, they or either of them are under a liability to pay for injuries their negligent acts have caused. This inchoate right ripens into a cause of action when one of the joint tortfeasors pays more than his proportionate share of the claim for which all are liable. The doctrine

rests upon compulsory payment, but compulsion in legal contemplation exists when a legal obligation to pay exists. *McFarlane v. Calhoun,* 2 Pr. Edw. Isl. 283; *Blanchard v. Blanchard,* 201 N. Y. 134, 94 N. E. 630. One confronted with an obligation that he cannot legally resist is not obliged to wait to be sued and to lose a reasonable opportunity to make a favorable compromise in order to avoid assuming the character of an interloper or volunteer in the matter of paying a liability common to him and another. 13 Corp. Jur. p. 823, § 6; 6 Ruling Case Law, p. 1045.

The right to compel contribution was recognized in *Ellis v. Chicago & N. W. R. Co., supra.* The justice of the doctrine is unquestionable. In our study of this question in this case, we find that a statute exists in Kentucky (sec. 484A) which reads: "That contribution among wrongdoers may be enforced where the wrong is a mere act of negligence and involves no moral turpitude;" and sec. 484 of the same statute reads: "The extent of recovery, in cases of contribution, shall be the same in courts of law as it is in a court of equity."

The statutes of that state fix the limits and liabilities of contribution on the same basis as they exist in Wisconsin. And a case in that jurisdiction, *Consolidated Coach Corp. v. Burge,* 245 Ky. 631, 54 S. W. (2d) 16, supports the conclusion we have reached in this case. In the Kentucky case no judgment had been entered and the trial court, in an action for contribution somewhat similar to this, upon demurrer dismissed the petition. This ruling was reversed in the court of appeals. The defendant there was the owner of a truck which the plaintiff claimed was so managed as to constitute the defendant a joint tortfeasor in an accident causing injury to several persons. After the compromises of the claims of the passengers, the Consolidated Coach Corporation filed its action to require Burge to contribute a portion of the amount paid by it to the injured passengers,

on the ground that their injuries were the direct and proximate result of the joint and concurring negligence and recklessness of the driver of the bus and the driver of the truck. And the court there held:

"If, however, the injuries to the passengers were the proximate result of the joint and concurrent negligence of both the driver of the truck and driver of the bus, the right of action for contribution must necessarily grow out of the causes of actions in favor of the injured passengers against both the owner of the bus and the owner of the truck. An inchoate right of the owner of the bus to enforce its cause of action against the owner of the truck arose forthwith as an incident, in a sense, to the injured passengers' rights of actions against both owners. As long then as the injured passengers' rights to compensation remained undetermined, the subordinate right of the bus company to contribution continued, and, on payment of the compensation to the injured passengers by the owner of the bus, whether in satisfaction of judgments against it in favor of the injured passengers, or pursuant to a payment on compromises, its cause of action to enforce its right of contribution against the owner of the truck immediately accrued and existed until barred by the statute of limitations. *Fox v. Western New York Motor Lines, Inc.* 232 App. Div. 308, 249 N. Y. Supp. 623; *Consolidated Coach Corp. v. Wright,* 231 Ky. 713, 22 S. W. (2d) 108. . . .

". . . The burden rests upon it (the corporation) to allege the existence of all the essential facts necessary to establish that the injuries to the passengers were the direct and proximate result of negligence of the driver of Burge's truck, which, when combined and concurring with the negligence of the driver of its bus, caused the injuries to the passengers, and that it had compromised and settled their claims for the injuries respectively sustained by them."

In *Fox v. Western New York Motor Lines, Inc.* 232 App. Div. 308, 249 N. Y. Supp. 623, the court said:

"A release of one, however, reserving the right against the other, as the principle is now embodied in statute, is not a release in the technical sense, even against the obligor re-

leased. It is to be construed rather as a covenant not to sue. . . ."

"When a joint tort occurs, a right of contribution among the joint tortfeasors arises forthwith. . . . But the right is inchoate. It is none the less real and subsisting. It is incident, in a sense, to the injured person's right to recover. As long as the injured person's right to compensation remains undischarged, even though unenforceable by agreement, the subordinate right of contribution continues. (See Williston on Contracts, § 342.)"

We think on reason and authority the payment of amounts in good faith pursuant to compromises does not destroy the right to seek contribution, but on the contrary brings that right to a stage where a cause of action may be stated against the joint tortfeasor. The joint tortfeasor may offer evidence tending to show the non-existence of any facts required to exist to render him liable to the injured party. The compromise does not deprive him of his trial by jury, either as to his liability for the injury or as to the amount of the damage. The burden is upon the paying tortfeasor to establish his own negligence and the negligence of the other tortfeasor as the concurring causes of the injuries. The defendant's right in such a case is unembarrassed by the compromise, his right to refute the evidence tending to show his negligence is well preserved, as well as his right to show that if he were negligent it was not the proximate cause of the injury. It would result in a trial of the same issues so far as his liability is concerned, just as it would had the action by the injured party been begun against him. The recovery in no event would exceed one-half of the amount paid upon the compromise.

In Wisconsin, a surety on a bond may pay without suit having been commenced against him, and sue his co-surety for contribution, the latter having refused, upon demand, to contribute. Under such circumstances, the co-surety making the payment has been held not to be a volunteer. *Save-*

*land v. Green,* 36 Wis. 612; *Mason v. Pierron,* 69 Wis. 585, 34 N. W. 921; *Hardell v. Carroll,* 90 Wis. 350, 63 N. W. 275; *Estate of Koch,* 148 Wis. 548, 134 N. W. 663. The right to contribution being the same in tort as in contract, the rule in tort should be the same.

Some reliance by respondents is placed upon the case of *Sattler v. Niederkorn,* 190 Wis. 464, 209 N. W. 607, as authority for the proposition that a voluntary payment by one jointly guilty of negligence bars contribution. In that case there was a written agreement to share in the settlement to a limited amount, and this court said:

"Cases holding that a voluntary payment by one jointly guilty of negligence bars contribution are not applicable to this case because of the agreement entered into."

Those words were not necessary to the decision of that case and are not controlling here. No agreement between joint tortfeasors to recognize their common liability could make that liability more definite and certain than it is made by the law which places that liability upon joint tortfeasors. Facts may be admitted by way of stipulation making a determination a simpler matter, but the liability is real and subsists from the time of the concurring negligence whether the joint tortfeasors agree or disagree. The complaint asserts a common liability, payment by one joint tortfeasor of the liability of both, made after claim and threatened suit by the injured party. It alleges a reasonable settlement after notice to and demand on the joint tortfeasor to pay his share of the damages. The complaint, as supplemented by the stipulation, states a good cause of action.

*By the Court.*—Order reversed. Cause remanded for further proceedings according to law.