William GLOBIG, Jr., Plaintiff,

v.

GREENE & GUST CO., a foreign corporation, Defendant,

and

Burton Plumbing-Heating Co., Inc., a foreign corporation, Defendant and Third-Party Plaintiff,

and

Armstrong Cork Company, a foreign corporation, and United States of America, Third-Party Defendants.

No. 59-C-153.

United States District Court
E. D. Wisconsin.

June 20, 1960.

Albert J. Goldberg, Milwaukee, Wis., for plaintiff.

Suel O. Arnold, Milwaukee, Wis., for defendant, Greene & Gust Co., and Arnold, Philipp & Murray, Milwaukee, Wis., of counsel.

Jack R. Wiedabach, Milwaukee, Wis., for defendant and third-party plaintiff, Burton Plumbing-Heating Co., Inc.

George D. Young, Milwaukee, Wis., for third-party defendant, Armstrong Cork Co.

Edward G. Minor, U. S. Atty., by Howard C. Equitz, Asst. U. S. Atty., Milwaukee, Wis., for third-party defendant, U. S. A.

GRUBB, District Judge.

This is a motion by the third-party defendant, United States of America, to dismiss the third-party complaint as against it. The basis of the motion is a claim that the court lacks jurisdiction over the subject matter and that the venue is not proper.

Plaintiff claims to have been injured on August 28, 1953, while working at the Badger Ordnance Plant at Baraboo, Wisconsin. It is claimed that he fell through the floor in an attic space of one of the dwelling structures and that defendants failed to comply with the Wisconsin Safe Place Statute. Section 101.06, and certain safety orders of the Industrial Commission.

Defendant and third-party plaintiff, Burton Plumbing-Heating Co., Inc., has filed a third-party complaint in which it alleges that the premises were the property of the United States of America, that the work was being carried on under a contract with the United States of America, that the United States of America was the "owner" of a place of employment, and that if the third-party plaintiff, Burton Plumbing-Heating Co., Inc., is liable to the plaintiff, it will be entitled to contribution from the United States of America of one-half of any amount it may be required to pay to the plaintiff.

The first ground of the motion is the provision of Section 2401(b) of Title 28, Federal Tort Claims Act, which provides that "A tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues * * *." The complaint in this action was filed on July 24, 1959, and the third-party complaint on April 21, 1960.

The Federal Tort Claims Act and its application to a claim for contribution is analyzed in detail in United States v. Yellow Cab Co., 340 U.S. 543, 71 S.Ct. 399,.95 L.Ed. 523. The court there held that by the Tort Claims Act the government consented to be sued for contribution. It quotes the Act as having amply shown on its face that it covers such consent. See 340 U.S. at page 548, 71 S.Ct. 399, 403. It also quotes the statute, emphasizing that the United States is liable on any claim on account of personal injury caused by the negligent or wrongful act or omission of any employee of the government acting within the scope of his employment "under circumstances where the United States, if a private person, would be liable to the claimant for such damage, loss, injury, or death in accordance with the law of the place where the act or omission occurred. * * * the United States shall be liable in respect of such claims to the same claimants, in the same manner, and to the same extent as a private individual under like circumstances, * * *." The court squarely holds that this Act covers claims for contribution.

This court has recently passed upon liability in Wisconsin for contribution where there was a failure by the injured person to start an action within the two year period covered by the State notice of injury statute and where there was a failure to file a claim with the Common Council of a city as provided by statute. See Bosin v. Minneapolis, St. Paul & Sault Ste. Marie Railroad Co., D.C.Wis. 1960, 183 F.Supp. 820. Reference is made to that decision for an analysis of the

Wisconsin law in this respect. Although not cited therein, the Wisconsin court deliberately adopted the rule entitling one tort-feasor to contribution from another in Ellis v. Chicago & N. W. R. Co., 167 Wis. 392, 167 N.W. 1048.

■ The later Wisconsin decisions hold that liability for contribution exists only where there is a common liability to the plaintiff, as pointed out in the Bosin decision, supra. The right of contribution comes into being at the time of the concurring negligence but remains inchoate, unascertainable, and contingent until one tort-feasor pays more than his proportionate share of common liability.

The third-party plaintiff in this action, Burton Plumbing-Heating Co., Inc., had no claim against the United States of America within two years from the tort. Its claim does not accrue until it had paid more than its share, but under the practice, both Federal and State, it can be joined for the purpose of contribution before trial to avoid the circuity of action, and the result of the trial may be binding on everyone.

The Court of Appeals for the Seventh Circuit in Chicago, Rock Island & Pacific Ry. Co. v. United States, 220 F.2d 939, in May, 1955, passed upon the question as to when the two years starts to run in an action involving a claim for indemnification. The principle is no different whether the claim is for indemnification or contribution. It points out that the question is whether the two year limitation period commences on the date payment was made or on the date the injury was sustained. The court states at page 942:

"In Terminal R. Ass'n of St. Louis v. United States, supra, the court stated, 182 F.2d [149,] at page 151, 'We have no doubt that the appellant's claim for indemnity accrued on April 2, 1948, when the appellant settled with Fitzjohn * * *.' We agree with this view, notwithstanding a rather impressive argument made by the government, based upon the legislative history of the Act, that Congress intentionally fixed a short limitation period so that the government might be afforded an opportunity to investigate promptly claims made against it. At the same time, Congress fixed the date when the limitation period commences to run as the time 'such claim accrues.' It is plain, of course, that no claim accrued to the plaintiff against the government prior to the date when the former made payment to its employee. The government's contention on this point, if sustained, would mean that a suit under the Tort Claims Act could be barred before it came into existence. Such an application of the limitation provision would produce an incongruity which we think should not be made."

■ The Court of Appeals for the District of Columbia in Keleket X-Ray Corp. v. United States, D.C.Cir., 1960, 275 F.2d 167, held that a cause of action for contribution did not accrue before the contribution claimant had been sued by the injured party, and where that did not occur within two years from the tort, the claim for contribution was not barred by the two year limitation. 28 U.S.C.A. § 2401(b). It points out that even though the injured party could not sue the United States because of the two year statute, that does not prevent the contribution claimant from suing, stating at page 169:

"* * * We know of no reason why the law should let action or inaction of the injured party defeat a claim to contribution. Neither releasing one tort-feasor, as in Whitebread, nor allowing a statute of limitations to run in favor of one tort-feasor, as in this case, should be permitted to have that effect."

Government counsel takes the position that a claim for contribution is an equitable claim, a quasi-contractual obligation implied in law, and that the United States has not consented to be sued on such an obligation. Counsel admits that

in the Tucker Act the government consented to being sued on contracts and contracts implied in fact, and in the Tort Claims Act it has consented to be sued in matters arising out of tort.

It is true that in Wait v. Pierce, 191 Wis. 202, 209 N.W. 475, 210 N.W. 822, 823, 48 A.L.R. 276, the court speaks of the right of contribution as being founded upon principles of equity and natural justice; that what gives rise to the right of contribution is that one of the common obligors has discharged more than his "fair equitable share of the common liability." Also, "The right to contribution was first recognized and enforced in courts of equity, and for a long time the right could not be enforced in a court of law."

In Western Casualty & Surety Co. v. Milwaukee General Construction Co., 213 Wis. 302, 251 N.W. 491, the question arose where one tort-feasor had settled, taking a release releasing both tort-feasors and then sued for contribution. The court states 213 Wis. at page 305, 251 N.W. at page 492:

"* * * The right is founded upon principles of equity and natural justice. Brown v. Haertel, 210 Wis. 354, 246 N.W. 691. It is a liability which the law has imposed upon the joint tort-feasors because of the circumstances in which they placed themselves by their negligent conduct. Out of this common liability arises the right to contribution when one joint tort-feasor has paid more than his equitable share of this common obligation. Wait v. Pierce, 191 Wis. 202, 209 N.W. 475, 210 N.W. 822. * * *"

At page 308 of 213 Wis., at page 493 of 251 N.W. the court further states:

"* * * The compromise does not deprive him of his trial by jury, either as to his liability for the injury or as to the amount of the damage. * * *"

It is plain that the obligation of a joint tort-feasor to contribute arises out of the tort and the fact that the one seeking contribution has paid more than his fair and just share. The word "equitable" as mentioned in the decisions does not mean a matter for chancery. It does not mean "equity" as opposed to "law." It is founded upon natural justice, and when the words "equitable" or "equity" are used, reference is made to an attempt to do right and to deal fairly between the parties. Nonetheless, it is a legal right enforced in actions at law where the parties have a right to jury trial. Basically it is founded upon the same principles as the right to indemnification in tort situations such as were passed on in the Chicago, Rock Island & Pacific Ry. Co. case, supra. Under the principles of that case and the Keleket X-Ray Corporation case, supra, it clearly lies under the Federal Tort Claims Act as a right in law, not a right in equity.

The Wisconsin decisions, while speaking of the right as being an "equitable" right, treat it as a legal right arising out of tort, and it is enforced in an action at law rather than an action in equity. It arises out of the tort, out of the negligent or wrongful act or omission, and the liability for contribution is imposed by law.

It is perfectly clear that under the circumstances of this case a private person would be liable to the third-party plaintiff for such damage, loss, and contribution in accordance with the law of Wisconsin, the place where the act or omission occurred. Under the Tort Claims Act, the government is liable in the same manner and to the same extent as a private individual under such circumstances.

This court, therefore, holds that it has jurisdiction as this claim for contribution is not barred by 28 U.S.C.A. § 2401(b).

With reference to the venue question, the United States of America points out that the proper venue is where the accident occurred or where the plain-

tiff resides. Plaintiff resides in Milwaukee County, Wisconsin, but the third-party plaintiff, Burton Plumbing-Heating Co., Inc., is an Indiana corporation. Venue in an ancillary third-party proceeding may be made to depend upon venue in the main proceeding notwithstanding the venue requirements of the Federal Tort Claims Act under which the third-party claim is brought. Leave to proceed on the third-party claim should be granted where there is no great inconvenience to the third-party defendant even though the venue might not be proper if the action were one just between the third-party plaintiff and the third-party defendant. This matter was squarely passed upon by the Court of Appeals for the Tenth Circuit in United States v. Acord, 209 F.2d 709. The following appears at page 714:

"Venue provisions are for the convenience of the parties. The granting or denial of leave of a defendant to prosecute a third-party proceeding under Rule 14 rests in the sound discretion of the trial court, and where an action on the third-party claim could not be maintained as an original proceeding because of lack of proper venue, the court should deny leave to bring a third-party proceeding under Rule 14, if it will result in great inconvenience to the third-party defendant."

There is no claim here that any inconvenience will result to the government or that the government will be handicapped if the matter is heard in this district rather than in the Western District of Wisconsin. The motion papers show that there are witnesses from the Eastern District. They do not show any witnesses from the Western District.

At the time of the oral argument, government counsel stated it had not yet found what branch of the government entered into the contract for the construction and was not able to find its records. In answer to the question by the court, government counsel admitted

that it would make no difference to the government in that respect whether the action were in the Western or the Eastern District of Wisconsin. Its being in the Eastern District was of no material inconvenience to the government.

The motion of the third-party defendant, United States of America, to dismiss the third-party complaint against it is hereby denied.